**THE STATE OF FLORIDA, ex rel. RAY ROBERTS, v. ELLIS KNOX, GEORGE LAVIGNE and HARRY BITNER, etc.**

14 So. (2nd) 262

June 15, 1943

June Term, 1943

Division A

166

*Earnest E. Roberts,* for appellants.

*J. W. Watson, Jr.,* for appellees.

CHAPMAN, J.:

The City of Miami, by Ordinance No. 951, provided for reciprocity between it and other municipal corporations situated in Dade County, Florida, for the issuance of occupational licenses by a Board of Examiners. The Board by the terms of the ordinance was authorized to inquire into the qualifications and abilities of applicants for licenses and could, in the exercise of its discretion, issue a license or certificate to an applicant *without* the formality of an examination, upon the payment of costs and license fees.

Section 2 of the ordinance extended the terms and provisions thereof to other cities of Dade County which had enacted, or in the future may enact, reciprocal ordinances in form substantially similar to Ordinance No. 951. The City of Coral Gables enacted a similar ordinance.

Pertinent allegations of an alternative writ of mandamus were to the effect that Ellis Knox, George LaVigne and Harry Bitner constituted the Examining Board of Electricians of the City of Miami; the relator, Ray Roberts, for three years past had held a Master Electrician's certificate issued by the City of Coral Gables under an ordinance adopted by said city similar to and possessing reciprocal features like Ordinance No. 951 enacted by the City of Miami; and the relator, in strict compliance with each term and provision of Ordinance No. 951, applied to the Examining Board of Electricians for a reciprocal Master Electrician's certificate, but the same was by the Examining Board arbitrarily and capriciously denied.

The arbitrariness and capriciousness on the part of the Examining Board of Electricians of the City of Miami is alleged viz:

"5. That such refusal on the part of the respondents herein is wholly arbitrary and capricious and based on personal and selfish motives; that the respondent, Ellis Knox, bears an intense personal hatred against the relator and has so expressed himself; that the respondent George Le Vigne, likewise has selfish motives in this matter in that he is the Chief Executive of the George LaVigne Electric Company of Miami, and the relator is Vice President of the Wagner Electric Company, one of, if not the strongest competitor of the

said George LaVigne Electric Company, and that although the respondents herein have on numerous occasions heretofore issued such reciprocal Master Electrician's Certificates to every other applicant holding a Master Electrician's Certificate of the City of Coral Gables, Florida, the relator is the only applicant bearing such a certificate to whom the respondents herein have denied issuing such reciprocal certificate; that the respondents, Ellis Knox and George LaVigne, both reside and work within the City of Miami, Florida, and dictate and control the policies of the said examining Board due to the fact that the third respondent, Harry Bitner, has for approximately two years last past been residing in the City of Key West, Florida, where he has been continuously employed in an electrical capacity."

On motion to quash it is contended that the alternative writ of mandamus fails (1) to show a clear legal right in the relator; (2) that the issuance of a Master Electrician's Certificate by the Examining Board involves the exercise of discretion which is not controllable by mandamus; (3) that the discretionary power conferred on the Board by the ordinance is discretionary; (4) that charges of prejudice by the relator are but conclusions; (5) it is not alleged that the relator submitted himself to an examination and passed the same as prescribed by the ordinance.

A motion to quash directed to an alternative writ of mandamus for the purpose of obtaining a ruling thereon admits as true all facts well pleaded but challenges the legal sufficiency of the allegations to warrant the relief sought. See State ex rel. Women's Benefit Ass'n. v. Palm Beach District, 121 Fla. 746, 164 So. 851; State ex rel. Stringer v. Lee, 147 Fla. 37, 2 So. (2nd) 127.

Persons, firms or corporations holding Master Electricians' Certificates issued by municipalities of Dade County possessing ordinances similar to the one here involved are not required under the terms and provisions of the ordinance to apply to the Examining Board of Electricians of any other of said cities and take a second examination and receive approved marks prior to the issuance of a certificate or license to perform electrical work in cities of Dade County.

The ordinance contemplates but a single satisfactory examination of an applicant by an Examining Board of Electricians on the part of the cities of Dade County and the issuance to the holder a certificate or license. The reciprocity feature of the ordinance grants holders of certificates or licenses the right and privilege to have issued certificates or licenses, (as a matter of course), by any of the cities of Dade County when it is shown that such certificates or licenses so held are regular on their face, and in full force and stand unrevoked.

The discretionary powers conferred on the Examining Board by the terms of the ordinance do not apply to the qualifications of the electrician, as the examination held by the Board and the granting of a certificate or license to the holder puts at rest the several qualifications of the holder. On application of a certificate or license holder under the reciprocity feature of the ordinance, if it develops and is brought to the attention of the Examining Board that the applicant is guilty of unethical practices as an electrician which are or may be detrimental to the interests of the general public, or that the holder is an improper person to hold or possess a license or certificate, then the issuance may be withheld under the discretionary power conferred by the terms and provisions of the ordinance.

It is alleged that the respondents, as members of the examining Board of Electricians, arbitrarily and capriciously declined or refused the application of the relator for a license or certificate as an electrician to work or follow the trade in the City of Miami; that the relator is a business competitor of one member of the Examining Board, while another member has expressed toward the relator intense bitterness and dislike; and, that in the absence of the third member of the Board, the other two members dictate the policies of the Board and each acts for the advancement of his personal interests or aggrandizement. If two or more holders of licenses or certificates issued by the City of Miami apply to the Examining Board of Coral Gables for the issuance of certificates or licenses and the Board declines to issue the same because the holders may later interfere with the elec-

trical business of a member of the Board or become potential competitors, then there is an abuse of discretionary power.

If licenses or certificates are granted to some and arbitrarily withheld from others by the Board while operating under the ordinance, then an abuse of discretion occurs, correctable by mandamus. In the case of State ex rel. Tullidge v. Hollingsworth, 103 Fla. 801, 138 So. 372, the Board of Medical Examiners arbitrarily revoked the license of Tullidge to practice medicine in the State of Florida, and we held that mandamus was the proper remedy to obtain restoration. Likewise, in the case of State ex rel. Pinellas Kennel Club, Inc. v. State Racing Commission, 116 Fla. 143, 156 So. 317, where the Kennel Club applied to the State Racing Commission for a racing permit and the application was by the Racing Commission arbitrarily denied, we in part said:

"When discretion is given by law, but is arbitrarily or clearly erroneously exercised or abused by the official action of a board, such as the State Racing Commission, such official action is subject to judicial review on mandamus and redress may be had on such writ, where no other adequate legal remedy exists . . . "

The rule enunciated in the cases *supra* have been reaffirmed by this Court in State ex rel. West Flagler Amusement Co. v. Rose, 122 Fla. 227, 165 So. 65; State ex rel. Mason v. Rose, 122 Fla. 413, 165 So. 347; State ex rel. Allen v. Rose, 123 Fla. 544, 167 So. 21. The discretion not controllable by mandamus is one fixed by law to be exercised by the office. The discretion conferred must be exercised under the law and *not* contrary to law. The discretion conferred by law on an official is not arbitrary, vague, imaginary or fanciful, but a sound, regular and lawful discretion. See 34 Am. Jur. 858-9, par. 69.

The discretion conferred by law on an officer is required to be exercised according to established rules of law. The officer when exercising the discretion is not permitted or allowed to act in an arbitrary or capricious manner. He is not permitted to exercise the discretion conferred by law for personal, selfish or fraudulent motives or for any reason or reasons not supported by the discretion conferred by law.

See 38 C.J. 598-600, par. 74. The arbitrary or capricious exercise of discretion conferred by law on an officer can or may be regulated by mandamus. See 18 R.C.L. 126-128, par. 39.

The case of State ex rel. Mauldin v. Matthews, 81 S. C. 414, 62 S.E. 695, 22 L.R.A. (N.S.) 735, involved the capricious and arbitrary action of a Pharmaceutical Examining Board of South Carolina. The statute conferred on the Board discretionary powers, and applicants for licenses were required to take an examination prepared and held, and papers graded, by members of the Board, except examinations were not required of applicants who had graduated from any reputable college of pharmacy. The relator held a diploma issued by the Maryland College of Pharmacy and the Board declined to issue the applicant a license because the Maryland College of Pharmacy did not require a period of four years study prior to the graduation of its students and therefore was not a reputable college within the meaning of the statute.

The South Carolina Supreme Court, in awarding a peremptory writ commanding the issuance of the certificate by the Board, in part, said (text 81 S.C. 418):

"The question is not whether Maryland College of Pharmacy ought to have all the requirements that the respondents think essential to make a capable pharmacist. The statute does not confer on the board of pharmaceutical examiners the power to exact a college compliance with its own standards. On that point the general assembly has assumed the responsibility of danger to the public, and has directed that licenses be issued to graduates of reputable colleges,—that is, colleges whose character those of the public, having general acquaintance with the subject, entertain a good opinion. Maryland College of Pharmacy, being a college of which such good opinion is entertained, is a reputable college. The board of examiners had, therefore, no discretion to refuse to issue the license to the petitioner, who is one of its graduates."

It follows that the judgment of the lower court here under review must be and the same is hereby reversed and the cause remanded for further appropriate proceedings.

It is so ordered.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.