HORTON, Judge.
A peremptory writ of mandamus was issued by the lower court requiring the City of Hialeah, through its mayor and city council, to approve and affirm by appropriate action the relocation of an alley within the City of Hialeah. The Council failed to comply with the peremptory writ within the time specified. This appeal is from the order and judgment awarding the appellees a peremptory writ of mandamus.
Although numerous errors have been assigned for a reversal, the principal question involved is whether or not the lower court, under the circumstances, could control by mandamus the discretionary functions of a public body. The question must be answered in the affirmative.
The petition for alternative writ charged that the city council of Hialeah had refused to approve or affirm the proposed replat of an alley in the City of Hialeah, and that such refusal was prompted by bias and political reasons. These charges were denied by the council in its return to the alternative writ. However, the lower court in the judgment awarding a peremptory writ, adjudicated and determined as a fact that the city council had been prompted by bias and political reasons in refusing to approve or affirm the proposed replat of the alley. We are not called upon to review the sufficiency of the evidence to support the judgment awarding the peremptory writ.
As a general rule, writs of mandamus will not issue to control the exercise of official discretion or judgment, or alter or review official action taken in the proper exercise of such discretion or judgment. However, this rule has limitations. If, in the attempted performance of discretionary acts, the official abuses the discretion so as to amount to a failure to do the act as the law requires, there has been in fact no actual exercise in good faith of the judgment or discretion vested in the officer and mandamus is a proper remedy. An official may not act arbitrarily and unwarrantably or in disregard of evidence clearly and unmistakably pointing to a contrary result and thereafter question the right to resort to' mandamus to compel proper action on his part. 34 Am.Jur, Mandamus, Sec. 68, 69 (1955),
The limitation upon the general rule has been recognized in Florida. In State ex rel. Roberts v. Knox, 153 Fla. 165, 14 So.2d 262, 264, the Supreme Court of Florida said:
“The discretion conferred by law on an officer is required to be exercised according to established rules of law. The officer when exercising the discretion is not permitted or allowed to act in an arbitrary or capricious manner. He is not permitted to exercise the discretion conferred by law for personal, selfish or fraudulent motives or for any reason or reasons not supported by the discretion conferred by law. See 38 C.J. 598-600, par. 74. The arbitrary or capricious exercise of discretion conferred by law on an officer can or may be regulated by mandamus. See 18 R.C.L. 126-128, par. 39.”
See also Garvin v. Baker, Fla. 1952, 59 So.2d 360, 361.
The only attempted justification by the appellants for their refusal to approve the replat of the alley was the fact that it would not be for the best interests of the City of Hialeah and that it would result in the formation of certain lots which would be so small as to be detrimental to the residents of the City of Hialeah and would conflict with the present planning and development of the City. No evidence whatever was submitted to the lower court in support of this averment. Under the facts as adjudicated by the lower court, it was well within the province of that tribunal to issue the peremptory writ of mandamus. No error having been made to appear, the judgment awarding the peremptory writ *200 appealed from should be and it is hereby-affirmed.
Affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.