380 So.2d 1319 (1980)
Steven L. VICTOR, Appellant,
v.
Merritt R. STIERHEIM, County Manager of Dade County, Florida, Appellee.
No. 79-1511.
District Court of Appeal of Florida, Third District.
March 18, 1980.
*1320 Steven L. Victor, in pro. per.
Robert A. Ginsburg, County Atty., and John H. Moynahan, Jr., Asst. County Atty., for appellee.
Before HENDRY and HUBBART, JJ., and VANN, HAROLD R. (Ret.), Associate Judge.
HUBBART, Judge.
This is a public employee disciplinary action in which a county police officer was administratively demoted in rank, later reinstated by the county manager after a full hearing but without back pay, and subsequently denied mandamus relief by the circuit court for the forfeited back pay. The police officer appeals.
The central issue presented for review is whether the county manager had a non-discretionary duty based on this record to reinstate the demoted police officer to his former rank together with back pay. We conclude that the county manager in this case had such a duty and that the circuit court erred in denying the instant application for a writ of mandamus to enforce that duty. We, accordingly, reverse.

I
The facts of this case are virtually undisputed. The appellant, Steven L. Victor, was and is now a police sergeant for the Dade County Public Safety Department, Miami, Florida. On October 11, 1978, he was demoted to the rank of police officer by the then acting director of the Dade County Public Safety Department. In the acting director's letter which ordered this demotion, it was alleged that the appellant had violated a number of Dade County Personnel Rules. The appellant demanded a hearing on these alleged violations contending that he was not guilty of any misconduct. An extensive evidentiary hearing was held on two separate dates by an independent hearing examiner who concluded in a written, detailed report that no evidence of misconduct in violation of county personnel rules had been adduced against the appellant and that the appellant should be reinstated to the position of police sergeant. The hearing examiner further noted that the appellant might be well advised to seek employment elsewhere in view of the adverse perception of him by several of his superior officers and cautioned the appellant not to take more than cold legal comfort from the recommendation made.
On April 6, 1979, the appellee County Manager of Dade County [Merritt R. Stierheim], upon receipt and review of the evidentiary hearing record and findings of the hearing examiner, reinstated the appellant to the rank of police sergeant but without back pay. The basis for the disciplinary denial of back pay was the county manager's conclusion that the appellant had difficulty in accommodating his intelligence and independence to the hierarchy and rigid requirements of police work. In a letter formally announcing his decision, the county manager stated as follows:
"We have received the findings and recommendations of the Hearing Examiner in the matter of your appeal from the action of the Public Safety Department in demoting you from the position of Police Sergeant.
The review of your case was extremely difficult. The simplest solution in my capacity as reviewer of the Findings of Fact would be to accept the Findings and reinstate you with full back pay. Yet, while the County failed to prove its case to the satisfaction of the Hearing Examiner, Mr. Bailey acknowledges the complexity of the issue by cautioning you from taking more than `cold legal comfort' from his recommendation. You seem to have difficulty accomodating your intelligence and independence to the hierarchy and rigid requirements of police work.
For the reasons stated above, I believe the greatest equity will be provided by reinstating you to the rank of Police Sergeant without back pay. It is my hope that you accept this decision in a spirit which will enable you to continue in a successful career with the County."
*1321 The appellant thereafter applied for a writ of mandamus in the Dade County Circuit Court against the appellee county manager contending that the county manager on this record had no alternative but to reinstate the appellant with back pay because the appellant had in fact committed no violation of any of the Dade County Personnel Rules. The circuit court after a full hearing[1] denied the application in a written order concluding that the county manager's disciplinary action was within his discretion to impose based on this record. The appellant police officer appeals to this court.

II
The law is well-settled that the County Manager of Dade County in reviewing the discharge or discipline of a county employee is not bound by the findings of facts, conclusions or recommendations of the hearing examiner who, by law, is required to hear initially the employee disciplinary proceeding. The county manager clearly has the discretion to sustain, reverse, or modify any employee's suspension, reduction in grade, dismissal or reinstatement and to impose whatever disciplinary action may be appropriate provided that the record will support such action. It is equally clear, however, that absent such a showing in the record, the county manager lacks the discretion to change or modify the findings of the hearing examiner or to impose disciplinary sanctions against the employee. A writ of mandamus lies against the county manager where he fails to perform his non-discretionary duty in such cases. State ex rel. Roberts v. Knox, 153 Fla. 165, 14 So.2d 262 (1943); Metro Dade County v. Corozzo, 212 So.2d 891 (Fla. 3d DCA 1968); McKim v. McNayr, 168 So.2d 78 (Fla. 3d DCA 1964); Hialeah v. State, 97 So.2d 198 (Fla. 3d DCA 1957); Metro Dade County Code § 2-47 (1959).
We have carefully reviewed the record of the evidentiary hearing herein together with the hearing examiner's findings and recommendations and can find no evidentiary support whatever for the conclusion that the appellant violated any Dade County personnel regulation. The county manager in his disciplinary letter based his decision on the appellant's difficulty in accommodating the latter's intelligence and independence to the hierarchy and rigid requirements of police work. No specific act of job misconduct, however, is referred to by the county manager and our independent review of the record reveals none. Indeed, the trial court in the order under review and the county in its brief and oral argument before this court has been unable to point to a single act of job misconduct by the appellant in this record. Clearly, there is evidence that the appellant may be disliked by several of his superior officers, but that is hardly a basis upon which to impose disciplinary sanctions against a county employee. Under our civil service system, a public employee may only be disciplined for specific acts of misconduct which breach specific employee personnel rules. As the appellant committed no such acts, the county manager had no discretion to impose disciplinary sanctions against the appellant.
In this connection, we pass no judgment on whether the appellant would be well advised to seek other employment, as the hearing examiner suggested, given the appellant's ability, temperament and present job circumstances. Perhaps, all considered, he would be happier in a different line of work.[2] On the other hand, superior intelligence and independence, which this appellant clearly demonstrates, is surely not incompatible with a rewarding career in police work. Indeed, these are most desirable qualities which police departments more and more demands in the new breed *1322 of police officer. See §§ 943.11-943.25, Fla. Stat. (1979). Such questions, however, are not for us to decide as only the appellant can determine whether he prefers, under the circumstances, to remain in his present employment. We decide only that being intelligent and independent, absent specific acts of misconduct which breach specific county personnel rules, can form no basis upon which to discipline a county police officer.
We accordingly, reverse the order under review and remand the cause to the trial court with directions to grant the appellant's application for a writ of mandamus.
NOTES
[1] We find no procedural irregularities in the proceedings below and reject the appellant's contentions to the contrary. Clearly, the appellant was afforded his full due process rights in the trial court.
[2] We note that the appellant has ably represented himself at all stages of the proceedings below and in this court. From all appearances, a career in law would not seem beyond his grasp.