400 So.2d 511 (1981)
Paul McCRAY, Appellant,
v.
COUNTY OF VOLUSIA and Dr. Thomas C. Kelly, County Manager, Appellees.
No. 80-1315.
District Court of Appeal of Florida, Fifth District.
June 10, 1981.
David A. Vukelja of Coble, McKinnon, Rothert, Bohner, Barkin & Godbee, P.A., Daytona Beach, for appellant.
Daniel R. Vaughen, Asst. County Atty., DeLand, for appellees.
COBB, Judge.
The appellant McCray was discharged from his employment with Volusia County on the ground that he was physically unable to perform the normal tasks of his job as "auto service man." This job basically entailed driving a tow truck and performing odd jobs around the county's paint and body shop. McCray appealed his discharge to the Volusia County Personnel Board where testimony was taken. No transcript of the personnel board hearing is before this court, *512 nor was it before the circuit court below. McCray contends on appeal that such transcript was not required in the absence of an order of the circuit court pursuant to Florida Rule of Appellate Procedure 9.100(g), which provides that a record shall not be transmitted to a circuit court unless ordered.
The personnel board, after the aforesaid hearing, unanimously found that McCray was physically unable to perform the duties of his position and unanimously recommended to the county manager that McCray's termination be upheld. The county manager followed the Personnel Board's recommendation, and did not reinstate McCray. Arguing that there was no competent substantial evidence to support the board's and the city manager's findings, McCray petitioned the Circuit Court of Volusia County for writ of certiorari to review the county manager's decision. Finding that McCray's petition failed to demonstrate a preliminary basis for relief or a departure from the essential requirements of the law by either the personnel board or the county manager, the circuit court denied McCray's petition. McCray now appeals that denial.
In considering by plenary appeal an order of the circuit court sitting in its certiorari review capacity, our review can be no broader than that of the lower court. Odham v. Petersen, 398 So.2d 875 (Fla. 5th DCA 1981). The circuit court's scope of review was to determine whether or not the appellees, the personnel board and the county manager, departed from essential requirements of law and whether or not their decision was supported by substantial evidence. DeGroot v. Sheffield, 95 So.2d 912 (Fla. 1957). We, therefore, must look at the petition filed below in the same manner and from the same perspective as did the circuit court.
The record before the circuit court  i.e., the petition and appendix  included an equivocal medical report stipulated into evidence before the personnel board, but did not include any portions of the testimony presented before the personnel board. Nothing in the appendix indicated the specific physical activities required for McCray's job or the extent to which his existing physical impairment had previously interfered with his ability to perform those activities. The only "evidence" in regard to this point was Exhibits 7 and 8 of the appendix, a memo from the county's safety director to the county's public works director and a letter from the latter to McCray, respectively.
The memo indicated that McCray had completed an authorized employee physical examination and had been found to be medically acceptable for his present position, with the warning that he should "limit lifting, awkward." The letter to McCray from the public works director noted this warning and stated that in the past several months McCray had "advised your supervisor of your limited physical restrictions when requested to do certain jobs."
Obviously, the medical report, the memo, and the letter are ambivalent and inconclusive on the key issue decided by the personnel board: Could McCray, given his physical problem, properly perform his job? Florida Rule of Appellate Procedure 9.100(e) provides that when a petition seeks an order directed to a lower tribunal, the petition shall be accompanied by an appendix as prescribed by Rule 9.220. That rule states:
The purpose of an appendix is to permit the parties to prepare and transmit copies of such portions of the record deemed necessary to an understanding of the issues presented.
By omitting from his appendix any testimony taken before the personnel board relative to the nature of his job and the effect of his physical impairment, McCray failed to present the circuit court with the "portions of the record" that would indicate whether or not the personnel board, hence the county manager, departed from essential requirements of law in discharging him.
*513 Accordingly, the denial of the petition for certiorari by the circuit court is affirmed.
AFFIRMED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.