HERSEY, Judge.
Respondent, Thomas Giordano, was suspended from his duties as a Firefighter/Paramedic with the City of Mira-mar and then was discharged by the city. His dismissal was affirmed by the Civil Service Board, which specifically found Giordano guilty of the following:
1. On or about January 30, 1978, while on duty, he struck a patient whom he was treating, causing further injury to the patient.
2. On or about November 9, 1977, while on duty, he made unwarranted statements to a teenage female, indicating repeatedly that he loved her and using an obscenity to describe a member of the Volunteer Fire Department.
3. Numerous complaints about his attitude have been received from his fellow employees, both paid and volunteer. These complaints have culminated in a letter from the Captain of the Volunteer Rescue Department, requesting his dismissal.
4. On or about July 16,1977, he responded in an improper manner to a member of the volunteer staff when said member had telephoned for emergency equipment.
Respondent next filed a petition for a writ of certiorari in the circuit court. After a considerable lapse of time that court reversed the holding of the Civil Service Board, finding a lack of substantial competent evidence to support termination of respondent’s employment. The city has filed with us a petition for writ of certiorari to review the decision of the circuit court.
*1033 The original hearing by the Board extended over several meetings during which the testimony of many witnesses was taken and a voluminous record amassed. The Board upheld termination of respondent by a vote of four to three.
Some of the testimony is subject to more than one interpretation. Throughout the recital of complaints there is an undercurrent of personality conflicts. The question of impropriety seems often clouded by animosity, the Board apparently believing that the animosity of the witnesses was generated by the improprieties; the circuit court seemingly concluding that the appearance of impropriety was fostered in the witnesses’ minds by personal dislike of respondent.
However, the witnesses and respondent were directly observed by the members of the Board. It was exclusively their domain to determine the credibility of each witness and to assign the appropriate weight to his or her testimony. They were the finders of fact. Neither the circuit court nor this court may usurp the fact finding function. See City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982); Cherokee Crushed Stone v. City of Miramar, 421 So.2d 684 (Fla. 4th DCA 1982).
Thus we are impelled to the conclusion that the holding of the Civil Service Board is supported by evidence that was substantial and competent, as those terms have been defined in the context of certiorari. It was a departure from the essential requirements of the law for the circuit court to revisit the evidence to reweigh it or to determine its relative credibility. On that basis we grant the petition and quash the writ of certiorari issued out of the circuit court. The order of the Civil Service Board is reinstated and affirmed.
CERTIORARI GRANTED.
LETTS, C.J., and GLICKSTEIN, J., concur.