440 So.2d 497 (1983)
BOARD OF COUNTY COMMISSIONERS OF PINELLAS COUNTY, as the Pinellas County Water and Navigation Control Authority, Petitioner,
v.
CITY OF CLEARWATER, Respondent.
No. 83-21.
District Court of Appeal of Florida, Second District.
November 9, 1983.
*498 Jean H. Kwall, Asst. County Atty., Clearwater, for petitioner.
Thomas A. Bustin, City Atty., Clearwater, for respondent.
HOBSON, Acting Chief Judge.
Petitioner, Board of County Commissioners of Pinellas County, acting as the governing authority of the Pinellas County Water and Navigation Control Authority (hereinafter "Authority"), seeks a writ of certiorari to reverse an appellate order of the Circuit Court for Pinellas County which quashed the Authority's denial of a dock application submitted by respondent, City of Clearwater (hereinafter "City"). We grant the writ of certiorari, reverse, and remand, because the circuit court departed from the essential requirements of law.
The City filed an application with the Authority requesting a permit to construct a public pier to extend into Clearwater Harbor from upland owned by the City. The pier was to be 200 feet in length and was to have a 100 foot long T-end. Located approximately 200 feet to the north of the site of the proposed T-shaped pier is the eastern end of the Memorial Causeway. This end of the Memorial Causeway is bordered directly to the south by a narrow, abandoned bridge. Situated about 200 feet to the south of the site is the Pierce 100 Condominium.
Subsequent to filing its application, the City submitted permits which it had obtained from the United States Army Corps of Engineers and the State of Florida, Department of Environmental Regulation. The Authority's staff later held a preliminary hearing on the application, after which it presented to the Authority a recommendation that the application be granted.
The Authority thereafter held two public hearings to consider the City's application. The minutes of these hearings reveal that a total of about 60 residents from the vicinity appeared in opposition. Also, several letters from local residents were introduced in opposition. One of the main reasons submitted by them in opposition was that the proposed dock would have a material adverse affect upon the natural beauty and recreational advantages of the area.
The Authority's rules and regulations governing the construction of docks within Pinellas County, which were adopted pursuant *499 to the Authority's enabling legislation, Chapter 31182, Laws of Florida (1955), as amended by Chapter 72-664, Laws of Florida (1972) and Chapter 78-602, Laws of Florida (1978), grant the Authority the right to deny a permit for the construction of a dock where it is determined that such construction will adversely affect the natural beauty and recreational advantages of the county. See section 5G(5), Rules and Regulations Governing the Construction of Docks, Piers and Wharves Within Pinellas County (1981).
The Authority ultimately denied the application solely upon a positive finding of fact that the proposed pier would have a material adverse affect on the natural beauty and recreational advantages of the county.
The City appealed the Authority's decision to the circuit court. After reviewing the record on appeal, the court reversed, stating: "[T]here was no expert testimony presented by opponents to the application and the opinions expressed by a number of citizens who appeared before the [Authority] do not constitute sufficient competent substantial evidence to support the Authority's finding."
Although it is for a circuit court acting in its appellate capacity to ascertain if administrative action is supported by substantial competent evidence, see City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982), a circuit court acting in such a capacity departs from the essential requirements of law if, in determining whether the administrative action is supported by substantial competent evidence, it reevaluates the credibility of evidence, see City of Miramar v. Giordano, 423 So.2d 1032 (Fla. 4th DCA 1982), or reweighs conflicting evidence, see Town of Mangonia Park v. Palm Beach Oil, Inc., 436 So.2d 1138 (Fla. 4th DCA 1983); Giordano.
In the case at bar, the circuit court departed from the essential requirements of law by reevaluating the competency of the evidence; it usurped the Authority's factfinding function. The local, lay individuals with first-hand knowledge of the vicinity who were heard in opposition at the two public hearings were as qualified as "expert witnesses" to offer views on the ethereal, factual matter of whether the City's proposed dock would materially impair the natural beauty and recreational advantages of the area. Hence, assuming it found their objections credible, the Authority was entitled to accord great weight to their cumulative objections. Its decision to deny the application on the sole ground that the proposed dock would materially impair the natural beauty and recreational advantages of the area implicitly shows that it found their objections credible, and, as a result, attached overriding weight to their objections.
Accordingly, we grant the writ of certiorari, reverse, and remand with instructions that the Authority's denial of the City's application be reinstated.
REVERSED and REMANDED.
RYDER and LEHAN, JJ., concur.