# CRAVEN v. METROPOLITAN DADE COUNTY
## Case No. 83-240-AP
Eleventh Judicial Circuit, Appellate Division, Dade County
April 27, 1984

## APPEARANCES OF COUNSEL

**Arthur B. Stark** for appellant.
**Richard Jay Weiss,** Assistant County Attorney, for appellee.
Before TENDRICH, NADLER and SHAPIRO, JJ.

## OPINION OF THE COURT

PER CURIAM.

Petitioner, Bertram Craven, seeks review of his dismissal from employment by Metropolian Dade County. The letter of dismissal states: "On the basis of the hearing examiner's findings and recommen-

dations and the entire record from the appeal hearing, including the transcript, we are upholding the decision of the Department and confirming your dismissal from County service." We are asked to review the propriety of the dismissal.

Petitioner was employed as an engineer with the Public Works Department of Dade County, being initially hired on August 26, 1957. On March 8, 1982, Petitioner was charged with violating Dade County's Personnel Rules Chapter VIII, Section 7, Paragraphs (E) and (D). Specifics of the charges were contained in the charging document. On January 13, 1983, the charges were amended by adding violations of Personnel Rules Chapter VIII, Section 7, Paragraphs (R), (A) and (I). A letter specifying these additional charges was mailed to Petitioner's attorney which letter also contained specifics of the new charges.

The disciplinary action hearing conducted before a hearing examiner commenced on April 1, 1983. In the interim, due to a delay in bringing the matter to hearing, Petitioner was returned to the County payroll. At the hearing, Respondent abandoned all charges set forth in the original disciplinary action report and all charges contained in the January 13, 1983, letter with the exception of one which alleged that Petitioner authorized an overpayment of some $29,640.36 to Golden Eagle on one particular project. It was stipulated that the hearing would be limited to violations of Paragraphs (A) and (R) of Section 7 of the disciplinary rules. Paragraph (A) provides: "That the employee is incompetent or inefficient in the performance of his duty." Paragraph (R) provides: "That the employee has misappropriated County funds, appropriated County property for personal use, or illegally disposed of County property."

On June 3, 1983, the hearing examiner issued his report and recommendations. He found "Craven's conduct aforesaid violated Metro Dade County Personnel Rules, Chapter VIII, Section 7, Paragraph (D)." He recommended Petitioner's termination be sustained.

This Court's review is limited to a determination of whether or not the County Manager departed from essential requirements of law and whether or not his decision was supported by substantial evidence. *McCray v. County of Volusia*, 400 So.2d 511 (Fla. 5th DCA 1981). This Court's concern centers around the charges which remained against Petitioner at the time of hearing after abandonment of other charges, and the findings of the hearing examiner which were relied upon by the County Manager in reaching his decision.

Employment in the Civil Service or any other branch of political service is at all times subject to reasonable regulation in the interest of

the public. It is fundamental that employees cannot be discriminated against nor discharged except for cause after notice and opportunity to be heard. Notice and a chance to be heard is one of the bedrocks on which democratic government rests. *Johnson v. Trader*, 52 So.2d 333 (Fla. 1951). Removal of an employee must be made in good faith and only upon written charges preferred and after hearing. *Arnold v. State ex rel Mallison*, 2 So.2d 874 (Fla. 1941). The charge against the employee must be specific and one that can be defended against. *Kennett v. Barber*, 31 So.2d 44 (Fla. 1947).

The hearing examiner in the instant case apparently found Petitioner guilty of an offense for which he was not charged. Specifically, the hearing examiner found Petitioner violated Metro Dade County Personnel Rules, Chapter VIII, Section 7, Paragraph (D). At the hearing which began on April 1, 1983, the Assistant County Attorney specifically stated the only charges to be pursued were those alleging violations under Paragraphs (A) and (R) of the Personnel Rules. It appears from a review of the hearing examiner's report that evidence was insufficient to support a violation of either Paragraph (A) or (R). Had the situation been otherwise, the hearing examiner would have said so in his report. Further, the "Form" letter utilized by the County Manager is insufficient to set forth any specific act of job misconduct to sustain the dismissal. *Victor v. Stierheim*, 380 So.2d 1319 (Fla. 3rd DCA 1980). A civil service employee may not be removed from his position without it appearing on record that each element of the charge against him has been proven. *Morris v. City of Hialeah*, 140 So.2d 615 (Fla. 3rd DCA 1962).

The County Manager's action upholding the dismissal of Petitioner on the basis of the hearing examiner's findings and recommendations was incorrect. The actions of the County Manager be and the same are hereby reversed and this matter is remanded with instructions to reinstate Petitioner to the position he held prior to dismissal with all seniority and benefits due. This Court further concludes no denial of due process was occasioned Petitioner since Petitioner received all benefits as required under the applicable rules while awaiting hearing.

It is so Ordered.