## LOPEZ v CITY OF MIAMI, etc., et al.
### Case No. 85-031-AP
Eleventh Judicial Circuit, Appellate Division, Dade County
December 13, 1985

### APPEARANCES OF COUNSEL

**Christopher Keith Hall, Kurzban, Kurzban & Weinger,** for the appellant.

**Lucia A. Dogherty,** City Attorney, and **Gisella Cardonne,** Assistant City Attorney, for appellees.

Before MASTOS, FEDER, LEVY, JJ.

### OPINION OF THE COURT

MASTOS, J.

Humberto Lopez, appellant herein, contests his discharge from employment as Building Inspector I with the City of Miami Fire, Rescue and Inspection Services Department. This discharge was effectuated by an order signed by the City Manager which, without any analysis or discussion, merely upheld the recommendation of the City

of Miami Civil Service Board. That Board, by a vote of 3 to 2, without making any findings of fact or conclusions of law, had recommended that the appellant be terminated.

The entire record in this case conclusively demonstrates that the Civil Service Board and the City Manager committed a manifest injustice when they terminated the appellant, a six year employee with a service record containing no previous allegations of impropriety and/or incompetence. Neither the charges against the appellant nor the uncontroverted evidence in the record established even a naked prima facie violation of any City of Miami ordinances, rules or regulations in question. As an example of the totally frivolous charges and evidence contained in the record, the changing of a light bulb for the appellant's 70 year old mother constituted "electrical work". In a light most favorable to the City of Miami and the Civil Service Board, appellant's conduct in assisting a friend to procure the signed and sealed approval of a certified architect for plans to expand an existing, residential dwelling constituted, at best, poor judgment and not a violation of the ordinances, rules or regulations cited by the appellee.

Accepting the written final judgment of the City Manager, which purports to incorporate findings of fact and conclusions of law somehow gleaned from the pleadings, as the decision appealed from, we must reverse that decision because there is no evidentiary support, i.e. no substantial, competent evidence, in those findings for the conclusion that appellant violated any ordinances, rules or regulations. *Victor v. Stierheim*, 380 So.2d 1319 (Fla. 3d DCA 1980); *Weisbrod v. Florida Career Service Commission*, 375 So.2d 1102 (Fla. 1st DCA 1979). In addition, because the City of Miami failed to prove by a preponderance of the evidence that appellant violated any ordinance, rule or regulations, the decision below must also be reversed. *Hammond v. Curry*, 14 So.2d 390 (Fla. 1943); *City of Miramar v. Giordano*, 423 So.2d 1032 (Fla. 4th DCA 1982); *Fitzpatrick v. City of Miami Beach*, 328 So.2d 578 (Fla. 3d DCA 1976); *City of Miami v. Jervis*, 139 So.2d 513 (Fla. 3d DCA 1962).

Accordingly, the decision below is reversed, the appellant is ordered reinstated, and appellant's attorneys are hereby awarded fees in the amount of Two Thousand Five Hundred Dollars ($2,500.00) Fla. Stat. Section 57.105 (1978); *Weisbrod v. Florida Career Service Commission*, 375 So.2d 1102 (Fla. 1st DCA 1979).

Feder, J., concurs.

Levy, David, J., concurs specially in result only.