Mr. Thomas Williams Chairman Ocean Highway and Port Authority 11 North 14th Street Box 2, Room 119 Fernandina Beach, Florida 32034
Dear Mr. Williams:
You ask substantially the following question:
Is the Ocean Highway and Port Authority, created by special act, required to competively bid contracts for independent legal services?
In sum:
The Ocean Highway and Port Authority, created by special act, is not required to competitively bid contracts for independent legal services. The Ocean Highway and Port Authority (OHPA) was created by special act of the Legislature as a body politic and corporate, to, among other things, improve and develop Fernandina Harbor and the waters within Nassau County.[1] You state that the enabling legislation for OHPA and subsequent amendments do not require competitive bidding. Instead, the Board of Port commissioners, as the governing body of the OHPA, is specifically authorized to "make and adopt such rules, by-laws and regulations for its own guidance and for the conduct of its affairs as it may deem necessary and expedient."[2]
Part I of Ch. 287, F.S. (1992 Supp.), establishes the competitive bidding requirements for the purchase of commodities and contractual services by an "agency." Section 287.012(1), F.S., however, defines "agency" for purposes of Part I, Ch. 287, to mean "the various state officers, departments, boards, commissions, divisions, bureaus, and councils and any other it of organization, however, designated, of the executive branch of state government."[3] (e.s.) OHPA, created as a body politic and corporate to carry out a limited governmental purpose within a limited boundary, appears to constitute a special district rather than a unit of the executive branch of state government.[4] The Department of Community Affairs, which is responsible for maintaining a master list of independent and dependent special districts,[5] has listed OHPA as an independent special district.[6]
Therefore, OHPA is not an "agency" as defined for purposes of Part I, Ch. 287, F.S. (1992 Supp.), and, thus, not subject to the competitive bid requirements contained therein.[7] I would note, however, that even for those agencies subject to competitive bid requirements of Part I, Ch. 287, F.S. (1992 Supp.), s.287.057(3)(f)5., F.S., specifically excludes legal services from the competitive sealed bid requirements of that section for contractural services.
The courts of this state have generally recognized that in the absence of a statute requiring competitive bids, a public body has no legal obligation to let a contract under competitive bids or to award the contract to the lowest bidder.[8] In such cases, the public body is required only to act in good faith and in the best interests of the public and it is within its discretion whether to let the contract by competitive bid or not.[9]
My predecessors in office have also recognized this principle.[10]
For example, this office in AGO 84-29 stated that in the absence of a special law or county ordinance so requiring, a noncharter county is not required to take competitive bids prior to hiring a county attorney. You have not advised this office of any rule or regulation adopted by the Board of Commissioners of OHPA requiring competitive bids be taken. In the absence of a statutory requirement and unless otherwise required by a rule or regulation of the board, I am of the opinion that the Ocean Highway and Port Authority is not required to competitively bid a contract for legal services.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] OHPA was formerly known as the Fernandina Port Authority. See, Ch. 21418, Laws of Florida 1941, as amended by Ch. 24733, Laws of Florida 1947; Ch. 26048, Laws of Florida 1949; Ch. 67-1739, Laws of Florida; and Ch. 69-1328, Laws of Florida.
[2] Section 2, Ch. 21418, Laws of Florida 1941, as amended.
[3] Section 287.055, F.S., the Consultants' Competitive Negotiation Act (CCNA), contains its own definition of "agency" which is more expansive than that contained in s. 287.012(1), F.S., and includes political subdivision. The CCNA, however, imposes certain bid requirements for the acquisition of professional architectural, engineering, landscape architectural, or land-surveying services, and thus is not at issue in the instant inquiry.
[4] See, s. 189.403(1), F.S., defining "Special district" to mean "a local unit of special-purpose, as opposed to general-purpose, government within a limited boundary, created by general law, special act, local ordinance, or rule of the Governor and Cabinet. . . ."
[5] Section 189.412(3), F.S.
[6] See, 1992 Official List of Special Districts, October 1, 1992, Florida Department of Community Affairs, p. 66.
[7] I note that the enabling legislation as amended provides in subsection 5(7) that the authority shall constitute a state public body within the meaning and application of the housing cooperation law. Such a designation of OHPA for a specific statute does not make the authority a state agency for all statutes; moreover, s.422.03(3), F.S., in defining "State public body" means "any city . . . county, . . . district, authority, other subdivision or public body of the state."
[8] See, Brown v. City of St. Petersburg, 153 So. 140 (Fla. 1933) (authority granted by city charter to city manager to make purchases could be exercised without competitive bidding in the absence of an ordinance, rule or regulation so requiring); Volume Services Division of Interstate United Corporation v. Canteen Corporation, 369 So.2d 391 (2 D.C.A. Fla., 1979) (in the absence of specific constitutional or statutory requirements, a public agency has no obligation to establish a bidding procedure and may contract in any manner not arbitrary or capricious).
[9] See, AGO 78-122; and see, State ex rel. Roberts v. Knox,14 So.2d 262 (Fla. 1943) (discretion conferred by law on an officer must be exercised according to established rules of law, and not in an arbitrary or capricious manner or for personal, selfish, or fraudulent motives or for any reason or reasons not supported by the discretion conferred); Volume Services Division of Interstate United Corporation v. Canteen Corporation, supra; Mayes Printing Company v. Flowers, 154 So.2d 859 (1 D.C.A. Fla., 1963).
[10] See, e.g., AGO 80-49 (city may establish a procedure for direct negotiation and contracting for residential garbage collection and disposal services without competitive bids); AGO 78-122 (in absence of statutory requirement for competitive bidding, sheriff is not required to enter into competitive bidding in purchasing commodities); AGO 77-140 (city not required to take competitive bids in purchase of commodities in absence of charter provision or ordinance); and AGO 71-366.