Mr. Kevin K. Dixon Crystal River City Attorney Post Office Box 250 Inverness, Florida 34451-0250
Dear Mr. Dixon:
You ask substantially the following question:
Do the provisions of section 125.35, Florida Statutes, govern the disposition of surplus municipal property and, if not, what procedures exist?
In sum:
The provisions of section 125.35, Florida Statutes, apply to the disposition of county property, not municipal property. In the absence of a charter provision or ordinance prescribing the procedures to be used in disposing of surplus municipal real property, the manner of disposing of such property is left to the discretion of the municipality's governing body, provided such body acts in the best interests of the municipality.
According to your letter, the City of Crystal River is exploring its options for disposing of surplus municipal property. In the absence of a provision in Chapter 166, Florida Statutes, establishing a procedure for the disposition of such property, a question has been raised as to whether the municipality is subject to the provisions of section 125.35, Florida Statutes.
Section 125.35, Florida Statutes, authorizes the board of county commissioners to sell and convey any real or personal property belonging to the county, whenever the board of county commissioners determines that it is in the best interest of the county, to the highest and best bidder for the particular use the board determines to be the highest and the best.[1] Subsection (2) of the statute sets forth the notice requirements for such a sale.[2]
If, however, the value of a parcel of real property is $5,000 or less and, due to its size, shape, location, and value, is of use only to one or more adjacent property owners, the board of county commissioners may effect a private sale, after sending notice of its intentions to the adjacent property owners by certified mail.[3] The statute provides that if two or more such owners, within 10 working days of receiving notice, notify the board of their desire to purchase the property, the board is required to accept sealed bids from such property owners and may convey the property to the highest bidder or reject all offers.[4]
The plain language of the above statutory provision makes it clear that its terms apply exclusively to counties.[5] Nowhere in the statute is there any evidence that the requirements of section125.35, Florida Statutes, are applicable to the municipalities of this state. While a municipality may utilize similar procedures, the specific requirements of section 125.35 are not binding on municipalities.
This office has previously recognized that in the absence of a city charter provision, ordinance or rule to the contrary, the governing body may, in its discretion, utilize whatever method or procedure it decides will be in the best interest of the municipality in disposing of surplus municipal real property.[6]
Such a conclusion was based on the broad home powers granted to municipalities by Article VIII, section 2(b), Florida Constitution, and implemented by Chapter 166, Florida Statutes, the Municipal Home Rule Powers Act.
Section 166.77, Florida Statutes 1971, formerly provided supplemental authority to municipalities to sell their real property not needed for municipal use "to the highest and best bidder after notice thereof is published once a week for at least 2 weeks in some newspaper of general circulation in the municipality, calling for bids." This statute, however, was repealed by the Municipal Home Rule Powers Act in 1973.[7] Section166.042(1), Florida Statutes, states that it is the legislative intent that the repeal of the above statute, along with the other enumerated statutes,
shall not be interpreted to limit or restrict the powers of municipal officials, but shall be interpreted as a recognition of constitutional powers. It is, further, the legislative intent to recognize residual constitutional home rule powers in municipal government, and the Legislature finds that this can best be accomplished by the removal of legislative direction from the statutes. It is, further, the legislative intent that municipalities shall continue to exercise all powers heretofore conferred on municipalities by the chapters enumerated above, but shall hereafter exercise those powers at their own discretion, subject only to the terms and conditions which they choose to prescribe.
Thus, while the Legislature granted municipalities the authority to continue to exercise the powers formerly conferred by Chapter 167, Florida Statutes, it left to the municipalities' own discretion the determination of what terms, methods, and conditions to employ in disposing of surplus municipal real property. Accordingly, while municipalities may utilize the provisions of former section 167.35, Florida Statutes, they are not required to do so.
The courts of this state have generally recognized that in the absence of a statute or charter provision requiring competitive bids, a municipality has no legal obligation to submit a contract to competitive bids or to award the contract to the lowest bidder.[8] In such cases, the public body is required only to act in good faith and in the best interests of the public, and it is within its discretion whether to let the contract by competitive bid or not.[9]
Accordingly, I am of the opinion that in the absence of a charter provision or ordinance specifying the procedure to be utilized in disposing of surplus municipal real property, the method of disposing of such property is left to the discretion of the municipality's governing body, which is required only to act in good faith and in the best interest of the municipality. While the municipality may utilize the procedures prescribed in section125.35, Florida Statutes, or former section 167.35, Florida Statutes 1971, it is not required to do so.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgjw
[1] Section 125.35(1)(a), Fla. Stat. (1995).
[2] See, s. 125.35(1)(b), Fla. Stat. (1995), providing:
No sale of any real property shall be made unless notice thereof is published once a week for at least 2 weeks in some newspaper of general circulation published in the county, calling for bids for the purchase of the real estate so advertised to be sold. In the case of a sale, the bid of the highest bidder complying with the terms and conditions set forth in such notice shall be accepted, unless the board of county commissioners rejects all bids because they are too low. The board of county commissioners may require a deposit to be made or a surety bond to be given, in such form or in such amount as the board determines, with each bid submitted.
[3] Section 125.35(2), Fla. Stat. (1995).
[4] Id.
[5] See, Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984) (where a statute is clear and unambiguous as it is here, a court will not look behind the statute's plain language for legislative intent).
[6] Attorney General Opinion 82-76.
[7] Chapter 73-129, Laws of Florida.
[8] See, Brown v. City of St. Petersburg, 153 So. 140 (Fla. 1933); and see, Volume Services Division of Interstate United Corporation v. Canteen Corporation, 369 So.2d 391 (Fla. 2d DCA 1979) (in absence of specific constitutional or statutory requirements, public agency has no obligation to establish a bidding procedure and may contract in any manner not arbitrary or capricious).
[9] See, Ops. Att'y Gen. Fla. 80-49 (1980) and 77-140 (1977) (city not required to take competitive bids in purchase of commodities in absence of charter provision or ordinance). And see, State ex rel. Roberts v. Knox, 14 So.2d 262 (Fla. 1943) (discretion conferred by law on an officer must be exercised according to established rules of law, and not in an arbitrary or capricious manner or for personal, selfish, or fraudulent motives or for any reason or reasons not supported by the discretion conferred); Volume Services Division of Interstate United Corporation v. Canteen Corporation, supra; Mayes Printing Company v. Flowers,154 So.2d 859 (Fla. 1st DCA 1963).