Mr. Thomas Trask Attorney for the City of Oldsmar Frazer, Hubbard, Brandt, and Trask Post Office Box 1178 Dunedin, Florida 34698
Dear Mr. Trask:
You have asked for my opinion on substantially the following question:
Do the provisions of section 274.05, Florida Statutes, govern the disposition of tangible personal property that the City of Oldsmar has determined to be surplus municipal property?
In sum:
The provisions of section 274.05, Florida Statutes, do not apply to the disposition of surplus municipal property. In the absence of a charter provision or ordinance prescribing the procedures to be used in disposing of surplus tangible personal property of a municipality, the manner of disposing of such property is left to the discretion of the municipality's governing body, provided such body acts in the best interests of the municipality.
According to your letter, the City of Oldsmar is about to receive delivery of a new fire engine. The City's current fire engine will be declared surplus. A Georgia county has contacted the city about buying the surplus fire engine and has made the city an offer. The City of Oldsmar has not offered the truck to any other governmental unit nor has it put the purchase of the fire engine out for bid by any other governmental unit or private, not-for-profit agency. Your question is whether the city must follow the procedures in section 274.05, Florida Statutes, for the disposition of surplus property.
Section 274.05, Florida Statutes, authorizes a "governmental unit" to classify certain property[1] as surplus and to "offer surplus property to other governmental units in the county or district for sale or donation or . . . offer the property to private nonprofit agencies as defined in s. 273.01(3) by sale or donation." In making these decisions, the "governmental unit" must use reasonable discretion and consider the best interests of the county or district. A "governmental unit" is defined as "the governing board, commission or authority of a county or taxing district of the state or the sheriff of the county."[2] Thus, while certain local governmental entities must operate under the mandates of Chapter 274, Florida Statutes, municipalities are not within the scope of this chapter.
In Attorney General Opinion 96-16, this office considered and discussed the disposition of surplus real property by a municipality. A city had questions regarding what procedures would control the disposal of this surplus property in the absence of any specific directive in Chapter 166, Florida Statutes. As that opinion states, in the absence of a city charter provision, ordinance or rule to the contrary, the governing body of a municipality may, in its discretion, utilize whatever method or procedure it decides will be in the best interest of the municipality in disposing of surplus municipal property.[3] This conclusion is based on the broad home rule powers granted to municipalities by Article VIII, section 2(b), Florida Constitution, and implemented by Chapter 166, Florida Statutes, the Municipal Home Rule Powers Act.
Section 166.021, Florida Statutes, states that
"[M]unicipalities shall have the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, andmay exercise any power for municipal purposes, except whenexpressly prohibited by law." (e.s.)
Thus, in the absence of any statutory provision regulating the disposition of surplus tangible personal property, such as a fire engine, by a municipality, a city government may exercise its discretion in performing municipal functions for municipal purposes. However, a city is also bound to follow any local legislation, such as charter provisions or ordinances it may have enacted, regarding the disposal of such surplus property.
The courts of this state have generally recognized that in the absence of a statute or charter provision requiring competitive bids, a municipality has no legal obligation to submit a contract to competitive bids or to award the contract to the lowest bidder.[4] In such cases, the public body is required only to act in good faith and in the best interests of the public, and it is within its discretion whether to let the contract by competitive bid.[5]
Thus, I am of the opinion that in the absence of a charter provision or ordinance specifying the procedure to be utilized in disposing of surplus tangible personal property owned by a municipality, the method of disposing of such property is left to the discretion of the municipality's governing body, which is required only to act in good faith and in the best interest of the municipality. While the municipality may utilize the procedures prescribed in section 274.05, Florida Statutes, as a pattern to follow for disposing of such property, it is not required to do so.[6]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, s. 274.01(3), Fla. Stat., defining "[p]roperty" for purposes of this chapter to mean "all tangible personal property, owned by a governmental unit, of a nonconsumable nature."
[2] Section 274.12, Fla. Stat., also makes certain special districts subject to the terms of Ch. 274, Fla. Stat.
[3] And see, Op. Att'y Gen. Fla. 82-76 (1982) (absent city charter provision requiring governing body of municipality to use certain procedure for sale of surplus municipal real property, governing body may use discretion in choosing method of disposition in best interest of city); Inf. Op. to the Hon. Mike Fasano, dated July 16, 1997.
[4] See, Brown v. City of St. Petersburg, 153 So. 140 (Fla. 1933); and see, Volume Services Division of Interstate UnitedCorporation v. Canteen Corporation, 369 So.2d 391 (Fla. 2d DCA 1979) (in absence of specific constitutional or statutory requirements, public agency has no obligation to establish a bidding procedure and may contract in any manner not arbitrary or capricious).
[5] See, Ops. Att'y Gen. Fla. 80-49 (1980) and 77-140 (1977) (city not required to take competitive bids in purchase of commodities in absence of charter provision or ordinance). Andsee, State ex rel. Roberts v. Knox, 14 So.2d 262 (Fla. 1943) (discretion conferred by law on an officer must be exercised according to established rules of law, and not in an arbitrary or capricious manner or for personal, selfish, or fraudulent motives or for any reason or reasons not supported by the discretion conferred); Volume Services Division of Interstate UnitedCorporation v. Canteen Corporation, supra; Mayes Printing Companyv. Flowers, 154 So.2d 859 (Fla. 1st DCA 1963).
[6] See also, s. 125.35, Fla. Stat., which describes procedures for the sale of real and personal property by counties; and s.273.055, Fla. Stat., which provides for the disposition of state-owned tangible personal property.