405 So.2d 446 (1981)
POMPANO BEACH POLICE AND FIREMEN'S PENSION FUND, Petitioner,
v.
Orestes J. FRANZA, Respondent.
Nos. 79-2511, 79-2514.
District Court of Appeal of Florida, Fourth District.
October 14, 1981.
Rehearing Denied November 23, 1981.
Stephen H. Cypen of Cypen & Nevins, Miami Beach, for petitioner.
Robert J. O'Toole, Fort Lauderdale, for respondent.
*447 PER CURIAM.
We have for review an order of the circuit court, sitting in its appellate capacity, which reversed the Pompano Beach Police and Firemen's Pension Fund's denial of Orestes J. Franza's application for disability retirement and directed the Fund to pay and process the disability application.
In an abundance of caution the Fund filed both a petition for writ of certiorari (Case No. 79-2511) and a notice of appeal (Case No. 79-2514) to review the order of the circuit court. Thereafter the Fund sought to consolidate the cases. By order we granted the motion to consolidate both of said cases and directed that they proceed in accordance with Florida Appellate Rule 9.110(a)(1). However, since the matter was appealed to the circuit court and can only be reviewed here by certiorari, as successive appeals are not available, we treat the matter as a petition for writ of certiorari. We quash the order of the circuit court.
Franza had been a member of the Pension Fund for almost five years when he filed an application with the Fund's Board of Trustees for disability retirement from the position of Police Chief of the City of Pompano Beach on the basis of a back injury and heart condition incurred in the line of duty. Following a hearing, the Board denied Franza's application. On review by the circuit court, the findings of the Board regarding Franza's heart condition were reversed and the court ordered the Board to process Franza's disability application. When its motion for rehearing was denied, the Fund instituted these proceedings to challenge the appellate decision of the circuit court. Our review of this case has convinced us that the circuit court's reversal was not justified by the record before it.
At a hearing before the Board of Trustees of the Pension Fund three doctors testified and the Board had the benefit of a report of a fourth doctor. Three of the medical experts opined that Franza was not able to perform the duties of the job classification. One of those three experts believed Franza could perform most of the duties, but was particularly concerned over his ability to handle the responsibility factor. Thus, even the testimony of these three doctors fails to prove that Franza is totally disabled to perform the duties involved. As the court held in Nuce v. Board of Trustees, 246 So.2d 610 (Fla. 3rd DCA 1971), the disability provision of the retirement system involved does not provide for partial disability and, thus, the appellant was not entitled to retirement for the service connected cardiac disease.
However, even if the medical evidence from the three doctors referred to demonstrated a service connected total disability, the fourth doctor, Dr. Marangoni, testified that Franza was able to perform the duties of the office involved. This doctor is a Fellow of the American College of Cardiologists and American College of Physicians; he is board certified and appears to have excellent medical credentials. His testimony, though in conflict with the other doctors in varying degrees, is neither inherently incredible nor improbable and thus it alone constitutes substantial competent evidence upon which the Board of Trustees could rest their decision. As the court stated in Metropolitan Dade County v. Mingo, 339 So.2d 302 (Fla. 3rd DCA 1976):
The question of the weight and credibility of the evidence is for the administrative agency and not the reviewing court, even though the court may have reached a different conclusion on the same testimony. [Citations omitted] The court should not substitute its judgment for that of the administrative fact finder who heard the testimony and was in a position to evaluate the credibility of witnesses. [Citation omitted] ...
Neither the circuit court in its appellate capacity, nor this court should reweigh the conflicting evidence. [Citations omitted]  339 So.2d at 304.
See also Campbell v. Vetter, 392 So.2d 6 (Fla. 4th DCA 1981).
Since we find the record contains substantial competent evidence supporting the agency decision, it was error for the circuit court in its appellate capacity to overturn that decision.
*448 Accordingly, the petition for writ of certiorari is granted; the order of the circuit court is quashed; and the matter is remanded to the circuit court with directions to reinstate the decision of the Board of Trustees.
DOWNEY, J., and SHARP, G. KENDALL, Associate Judge, concur.
HURLEY, J., dissents, with opinion.
HURLEY, Judge, dissenting.
I respectfully dissent. In my view the lower court was justified in disregarding the testimony of Dr. Marangoni on the basis that it was inherently incredible. It is simply unrealistic to suggest that the position of police chief in a growing metropolitan community is not stressful. This is the underlying premise of Dr. Marangoni's testimony which, in my view, is so patently untenable as to render it unworthy of belief.
Prior to making its determination concerning the heart disability, the Board received reports from four doctors and heard three of them testify. With the exception of Dr. Marangoni, these sources were consistent in concluding that Franza's heart condition rendered him totally disabled as the police chief of Pompano Beach. The difference between Dr. Marangoni's conclusions and those of the other doctors stems from his perception of the functions performed by a police chief. While Dr. Marangoni's written report reflects an initial finding that Franza was "totally disabled" and recommends retirement, his subsequent reading of the job code for the police chief caused him to reconsider. Based on the outline of duties provided therein, Dr. Marangoni testified that he did not believe it portrayed a stressful occupation, but rather, one that was "all sedentary." Consequently, he concluded that Franza could function as the Chief of Police of Pompano Beach despite his heart condition. This, I submit, defies common sense.
When reviewing a decision of a lower tribunal, the circuit court's scope of review is limited to determining whether the decision was supported by competent substantial evidence and was in accord with the essential requirements of law. DeGroot v. Sheffield, 95 So.2d 912 (Fla. 1957); McCray v. County of Volusia, 400 So.2d 511 (Fla. 5th DCA 1981); Campbell v. Vetter, 392 So.2d 6 (Fla. 4th DCA 1980). Since the Board apparently relied on Dr. Marangoni's testimony as opposed to the other medical evidence presented, the concern herein is whether his testimony constituted "substantial competent evidence" sufficient to support the Board's action. The following excerpt from DeGroot v. Sheffield, supra, offers some guidance:
We have used the term "competent substantial evidence" advisedly. Substantial evidence has been described as such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred. We have stated it to be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion.... In employing the adjective "competent" to modify the word "substantial," we are aware of the familiar rule that in administrative proceedings the formalities in the introduction of testimony common to the courts of justice are not strictly employed. We are of the view, however, that the evidence relied upon to sustain the ultimate finding should be sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached. To this extent the "substantial" evidence should also be "competent."
95 So.2d at 916 (citations omitted). See also, Duval Utility Co. v. Florida Public Service Comm'n, 380 So.2d 1028 (Fla. 1980); 1 Fla.Jur.2d Administrative Law §§ 172-75 (1977). Absent such substantial supporting evidence, an appellate court will reverse the findings of a lower tribunal. Miami Transit Co. v. Dalton, 156 Fla. 485, 23 So.2d 572 (1945).
While, according to the job description, the police chief's functions are largely directory, the responsibility factor involved is also emphasized. In fact, it is dealt with separately in the job code under the topic "Distinguishing Features of the Position." It is this ultimate responsibility, present in *449 all the "sedentary" and supervisory functions regardless of delegation, which caused the other doctors to find that Franza was totally disabled.
In contrast, Dr. Marangoni's approach is to view the various ministerial and supervisory functions of the police chief as separate and distinct from the responsibility therefor. This perception of the individual duties as existing in the abstract is so strained as to be unacceptable. Clearly, occupying the position of Police Chief of the City of Pompano Beach, a growing city with a population of approximately 55,000 at the time Franza sought disability retirement, is stressful. While it is not the function of an appellate court to reweigh and reevaluate evidence, the court does have the right to reject "inherently incredible and improbable testimony or evidence." Shaw v. Shaw, 334 So.2d 13, 16 (Fla. 1976). Consequently, I believe that the Circuit Court, sitting in its appellate capacity, was entitled to disregard Marangoni's testimony and to find that "the only legally competent evidence herein shows [Franza] to be permanently incapacitated `from regular and continuous duty' as Police Chief due to heart disease."