419 So.2d 737 (1982)
CITY OF LAKE MARY, Appellant,
v.
COUNTY OF SEMINOLE, State of Florida, Jeno Paulucci, Lois Mae Paulucci, Michael J. Paulucci, Trustee, Cynthia J. Soderstrom, a/K/a Cynthia J. Paulucci, Gina J. Paulucci and Roy H. Jones, Guardian of the Estate of Gina J. Paulucci, Appellees.
No. 81-257.
District Court of Appeal of Florida, Fifth District.
September 22, 1982.
Gary E. Massey, of Massey, Alper & Walden, P.A., Altamonte Springs, for appellant.
Nikki Clayton, County Atty. for Seminole County, and Robert A. McMillan, Asst. *738 County Atty. for Seminole County, Sanford, for appellee, Seminole County.
Nicholas A. Pope, of Lowndes, Drosdick, Doster & Kantor, P.A., Orlando, for appellees, Jeno Paulucci, et al.
SHARP, Judge.
Pursuant to Florida Rule of Appellate Procedure 9.040(c) (1982), we elect to treat this appeal by the City of Lake Mary as a petition for writ of certiorari to review an order of the trial court quashing an annexation ordinance because it creates islands of incorporated and unincorporated areas in violation of section 171.044, Florida Statutes (1977).[1] We deny the writ.
In 1977, various landowners, some of the appellees in this case, voluntarily petitioned the City of Lake Mary to annex their property pursuant to section 171.044. Despite the objections of Seminole County, also an appellee, that the described property could not be annexed because the property was not "reasonably compact" as required by section 171.044, the City of Lake Mary passed an ordinance annexing the property. Pursuant to section 171.081, Florida Statutes (1977),[2] the County petitioned the circuit court for a writ of certiorari quashing the annexation ordinance. Finding that the annexation was not reasonably compact because it created at least two enclaves,[3] the circuit court declared the ordinance invalid.
Appellants contend that the circuit court lacked jurisdiction to review this matter by certiorari. They claim section 171.081 is unconstitutional because it conflicts with Article V, Section 5 of the Florida Constitution as adopted March 14, 1972. Article V, Section 5(b), Florida Constitution reads as follows:
The circuit courts shall have original jurisdiction not vested in the county courts, and jurisdiction of appeals when provided by general law. They shall have the power to issue writs of mandamus, quo warranto, certiorari, prohibition and habeas corpus, and all writs necessary or proper to the complete exercise of their jurisdiction. Jurisdiction of the circuit court shall be uniform throughout the State. They shall have the power of direct review of administrative action prescribed by general law. (Emphasis added).
The City argues that this section prohibits the Legislature from providing review of annexation proceedings, which is legislative action,[4] by certiorari in the circuit court. The City claims that the last sentence of section 5 is inapplicable because this proceeding is not "administrative" in nature. The City would have us construe "and jurisdiction of appeals when provided by general law" as requiring appellate review by appeal in the circuit court except for review of administrative proceedings. If we accept that line of reasoning, the City further contends that because quo warranto was the only form of action available to invalidate *739 date an annexation at common law,[5] the circuit court could not quash the ordinance by issuing an unconstitutional statutory writ of certiorari.
We find no merit to either argument. Where a court has acquired jurisdiction of the subject matter and the parties, and the relief sought is within the general jurisdiction of the court, any objection as to the vehicle used to grant the relief, whether statutory certiorari or writ of quo warranto, is subject to waiver if not timely raised.[6] Since no objection was raised below, we will not consider it on appeal.
We think the City's argument based on the terms "appeal" and "certiorari" is misplaced. Section 171.081 shows affirmatively that the Legislature intended to create by general law a limited right of appeal to the circuit court in annexation proceedings. The Legislature also intended to limit the scope of review in these proceedings to that normally associated with "certiorari."[7] The use of the term "certiorari" in the statute is merely a shorthand means of articulating the standard of review intended to be afforded. In support of this interpretation we note the title of section 171.081 reads: "Appeal on Annexation or Contraction." If the Legislature has the power to create a right of appeal in the circuit court for a proceeding where none previously existed, it is incongruous to assert that it cannot limit the scope of that review. Procedural due process was afforded the parties below, and we find the circuit court considered the substantive issues raised consistent with essential requirements of law.
PETITION FOR WRIT OF CERTIORARI DENIED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Section 171.044(1), Florida Statutes (1977) provides:

The owner or owners of real property in an unincorporated area of a county which is contiguous to a municipality and reasonably compact may petition the governing body of said municipality that said property be annexed to the municipality.
[2] This section provides:

No later than 30 days following the passage of an annexation or contraction ordinance, any party affected who believes that he will suffer material injury by reason of the failure of the municipal governing body to comply with the procedures set forth in this chapter for annexation or contraction or to meet the requirements established by annexation or contraction if they apply to his property may file a petition in the circuit court for the county in which the municipality or municipalities are located seeking review by certiorari. In any action instituted pursuant to this section, the complainant, should he prevail, shall be entitled to reasonable costs and attorney's fees. § 171.081, Fla. Stat. (1977).
[3] The respective enclaves are referred to by the parties as parcel one and parcel three. Parcel one is annexed property which is completely surrounded by unincorporated property. Parcel three is unincorporated property completely surrounded by property annexed by the City in the challenged ordinance.
[4] City of Auburndale v. Adams Packing Assoc., 171 So.2d 161 (Fla. 1965).
[5] City of Orlando v. Orange County, 309 So.2d 16 (Fla. 4th DCA 1975), cert. dismissed, 327 So.2d 7 (Fla. 1976).
[6] Cf. Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926) (When a court has general jurisdiction of civil actions both at law and in equity and the subject matter is within the general jurisdiction of the court the issue whether the relief sought sounds in equity or at law is a question of procedure and must be timely raised).
[7] See, e.g., State ex rel. City of Casselberry v. Mager, 356 So.2d 267 (Fla. 1978).