436 So.2d 1138 (1983)
TOWN OF MANGONIA PARK, Petitioner,
v.
PALM BEACH OIL, INC., Respondent.
No. 82-2624.
District Court of Appeal of Florida, Fourth District.
September 14, 1983.
Rehearing Denied October 26, 1983.
Joseph S. Karp of Bernstein, Narkier, Sharff, Monchick & Karp, West Palm Beach, for petitioner.
Nicholas P. Wellman, Lake Worth, and Charles W. Musgrove, West Palm Beach, for respondent.

ON REHEARING
HURLEY, Judge.
The opinion initially issued in this case is withdrawn and the following is substituted in place thereof.
By petition for writ of certiorari we are asked to decide whether the circuit court, sitting in its review capacity, departed from the essential requirements of law by reweighing evidence and then substituting its judgment for that of a municipal administrative agency. We answer in the affirmative and, consequently, quash the decision of the lower court.
The code enforcement board of the Town of Mangonia Park conducted a hearing to determine whether Palm Beach Oil, Inc., could park two tractor-trailer oil tankers, on a daily basis (from four to six hours per day), at a site on which the company maintained its corporate headquarters and operated a gas station. The property is zoned for limited commercial use which, under normal circumstances, would exclude daily truck parking. The oil company, however, advanced an estoppel argument. It claimed that the town knew of the company's intent to utilize the site for daily truck parking when it issued the occupational license. Furthermore, the company claimed that in reliance on the occupational license it had expended a substantial sum of money to improve the site. After evaluating the evidence, the board rejected the company's claim. It found "[t]hat the occupational *1139 license granted Palm Beach Oil, Inc., never anticipated that these trucks use the premises in the fashion currently used." The board also found "[t]hat Palm Beach Oil, Inc., misrepresented its expected use of these trucks when obtaining its occupational license." Accordingly, the board ordered the company to comply with the Town's comprehensive zoning code.
Palm Beach Oil, Inc., next sought review in the circuit court. After considering the record, the circuit court quashed the board's decision and found that "the evidence demonstrates that Palm Beach Oil, Inc., did not conceal the tractor-trailer or its intended use on October 20, 1976, and that its use has been as promised."[1] The Town of Mangonia then petitioned this court for certiorari review.
Before we turn to the merits, it is appropriate to note the limits of this court's power of review. The supreme court has had occasion to discuss this topic in two recent cases. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982), held that
where full review of administrative action is given in the circuit court as a matter of right, one appealing the circuit court's judgment is not entitled to a second full review in the district court. Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine whether procedural due process is accorded, whether the essential requirements of the law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence. The district court, upon review of the circuit court's judgment, then determines whether the circuit court afforded procedural due process and applied the correct law.
Id. at 626. Failure to comply with the foregoing standards, constitutes a departure from the essential requirements of law. The flexibility of this phrase was underscored in Combs v. State, 436 So.2d 93 (Fla. 1983) where the court held that
the phrase "departure from the essential requirements of law" should not be narrowly construed so as to apply only to violations which effectively deny appellate review or which pertain to the regularity of procedure. In granting writs of common-law certiorari, the district courts of appeal should not be as concerned with the mere existence of legal error as much as with the seriousness of the error. Since it is impossible to list all possible legal errors serious enough to constitute a departure from the essential requirements of law, the district courts must be allowed a large degree of discretion so that they may judge each case individually. The district courts should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.
Id. at 95.
The petitioner Town contends that the circuit court failed to apply the correct rule of law. Rather than limit its inquiry to determine whether the board's action was supported by competent substantial evidence, the Town claims that the circuit court reweighed the conflicting evidence. We are compelled to agree.
In Pompano Beach Police and Firemen's Pension Fund v. Franza, 405 So.2d 446 (Fla. 4th DCA 1981), we reiterated the long-standing rule that, in reviewing an administrative agency decision, a reviewing court is limited to determining whether the agency's decision is supported by competent substantial evidence. The weight and the credibility of the evidence are matters for the agency's consideration; they cannot be reevaluated by the court. See Fort Lauderdale Board of Adjustment v. Nash, 425 So.2d 578 (Fla. 4th DCA 1982); Cherokee Crushed Stone, Inc. v. City of Miramar, 421 So.2d 684 (Fla. 4th DCA 1982).
*1140 There is abundant evidence in the record before us to support the board's finding that the town never agreed to daily truck parking and, consequently, that it is not estopped from enforcing its zoning ordinance to prohibit this practice. Virtually all of the evidence indicates that the town was concerned about on-site parking from the outset. Indeed, the town agreed to authorize the company's occupational license only after it had demanded and received assurances that the company would restrict on-site truck parking to overnight on Sundays. The letter of October 20, 1976, to which the circuit court referred, is susceptible to differing interpretations. The board apparently found that the letter, when viewed in the context of the ongoing discussion between the town and the oil company, referred to the proposed time limitation for Sunday overnight parking. This interpretation is consistent with other proof in the record. The significant point, however, is that the interpretation and weight to be attributed to the letter were evidentiary matters for the board's resolution. The court erred by usurping the board's function and reevaluating this critical piece of evidence.
Accordingly, we quash the decision of the circuit court and remand the cause with instructions to reinstate the decision of the code enforcement board prohibiting daily truck parking.[2]
GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] "October 20, 1976," refers to a letter of that date in which the company represented to the town that "[o]ur primary function is to manage our business through the office. I cannot forsee [sic] our truck being on the site for anymore than a 24 hour period at any one time."
[2] Since we are concerned only with the question of daily truck parking, we do not address the precise time limit which the town authorized for overnight Sunday parking.