542 So.2d 1356 (1989)
MANATEE COUNTY, a Political Subdivision of the State of Florida, Petitioner,
v.
Norman E. KUEHNEL, Lucinda B. Kuehnel, Joseph C. Fincher, and Donald R. Whitaker, Respondents.
No. 88-00708.
District Court of Appeal of Florida, Second District.
April 26, 1989.

*1357 ON MOTION FOR REHEARING
HALL, Judge.
Manatee County's motion for rehearing is granted. We withdraw our opinion of February 15, 1989, and substitute the following opinion:
Manatee County challenges the final judgment in which the circuit court reversed the decision of the board of county commissioners to deny the respondents' request for rezoning. The county filed a notice of appeal in this court; however, we will treat the notice as a petition for a writ of certiorari and deny the petition.
On May 22, 1987, the respondents filed an application with the Manatee County Planning & Development Department for conceptual site plan approval and rezoning of approximately 16.42 acres of land located 1000 feet west of I-75 and south of Moccasin Wallow Road in Manatee County. The zoning on the property was A-1 (Suburban Agricultural). The respondents requested that the site be rezoned to PDC (Planned Development Commercial). In the application, the respondents described the plan as a transportation plaza and shopping area. The site's primary use was to be a truck stop, but the plan also proposed associated uses such as a restaurant, laundromat, health club, and barber shop.
The Manatee County planning staff found the proposed site plan to be consistent with the comprehensive plan, with certain stipulations. The Manatee County Planning Commission, a group of private citizens appointed by the board of county commissioners who consider applications for rezoning and render nonbinding recommendations to the board, considered the respondents' application and voted 4-4 to deny the requested rezoning.
On August 13, 1987, the board of county commissioners considered the respondents' application, the staff report, the planning commission's recommendation and the comments of interested parties and voted 4-1 to deny the request. The respondents then sought a writ of certiorari in the Circuit Court of Manatee County. The county filed a motion to dismiss based on lack of subject matter jurisdiction, which motion was denied.
Following a hearing on the merits, the circuit court entered its final judgment finding that there was no competent evidence before the Manatee County Commission to support the county's decision to deny the request for rezoning.
In reviewing the decision of the circuit court, we find the recent supreme court case of Education Development Center, Inc. v. City of West Palm Beach Zoning Board of Appeals, 541 So.2d 106 (Fla. 1989), to be controlling. That case reached the district court in the same posture as the instant case came to us. In Education Development Center, Inc., the circuit court reversed the decision of the city's zoning board on the ground that there was no evidence to support the city's denial of the applicant's request for rezoning. On certiorari, the district court reversed, *1358 finding that "[t]here was substantial evidence to support the denial of the application ..." The supreme court quashed the decision of the district court, holding that the district court had exceeded its permitted scope of review under Florida Rule of Appellate Procedure 9.030(b)(2)(B).
When a district court of appeal reviews, under rule 9.030(b)(2)(B), a decision of a trial court acting in its role as an appellate court, the standard of review which the district court must apply is narrow. The court must determine whether the trial court afforded procedural due process and observed the essential requirements of law. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982). The petitioner is not entitled to two full appellate reviews. Education Development Center, Inc.
The circuit court in this case, properly acting as an appellate court under rule 9.030(c)(3), reviewed the record of the county commission's hearing on the issue and determined that no substantial, competent evidence supported the county commission's decision. We find that the county was afforded due process and the circuit court applied the correct law. This court cannot disagree with the circuit court's evaluation of the evidence and substitute its judgment for that of the circuit court. Accordingly, we deny the petition for writ of certiorari.
FRANK, A.C.J., and ALTENBERND, J., concur.