560 So.2d 1358 (1990)
Patricia POLLARD, Petitioner,
v.
PALM BEACH COUNTY, a Political Subdivision of the State of Florida, Respondent.
No. 88-1827.
District Court of Appeal of Florida, Fourth District.
May 9, 1990.
*1359 Bruce G. Kaleita, West Palm Beach, for petitioner.
Richard W. Carlson, Jr. and Thomas P. Callan, Asst. County Attys., West Palm Beach, for respondent.
PER CURIAM.
This is a petition to review denial of an application for a special exception. The real property in question is located in an area zoned residential. The use for which a special exception was requested is an adult congregate living facility for the elderly, a use permitted by special exception in a residential area.
Certain procedural shortcomings having been remedied, we now treat only the merits, being satisfied that this court has jurisdiction.
After making appropriate application, petitioner obtained approval of the County Zoning Department and, subsequently, the approval of the County Planning Commission. Approval was based upon documentary evidence and expert opinion.
In public hearings before the County Commission, various neighbors expressed their opinion that the proposed use would cause traffic problems, light and noise pollution and generally would impact unfavorably on the area. The County Commission denied the application and the circuit court denied certiorari to review that denial. We grant the writ and quash the order under review.
We explained the respective burdens of an applicant for a special exception and the zoning authority in Rural New Town, Inc. v. Palm Beach County, 315 So.2d 478, 480 (Fla. 4th DCA 1975), as follows:
In rezoning, the burden is upon the applicant to clearly establish such right (as hereinabove indicated). In the case of a special exception, where the applicant has otherwise complied with those conditions set forth in the zoning code, the burden is upon the zoning authority to demonstrate by competent substantial evidence that the special exception is adverse to the public interest. Yokley on Zoning, vol. 2, p. 124. A special exception is a permitted use to which the applicant is entitled unless the zoning authority determines according to the standards of the zoning ordinance that such use would adversely affect the public interest.
(Emphasis in original; some citations omitted.)
The supreme court, in De Groot v. Sheffield, 95 So.2d 912, 916 (Fla. 1957), explained in the following language what is meant by the term "competent substantial evidence" in the context of certiorari review:
Substantial evidence has been described as such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred. We have stated it to be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. Becker v. Merrill, 155 Fla. 379, 20 So.2d 912; Laney v. Board of Public Instruction, 153 Fla. 728, 15 So.2d 748. In employing the adjective "competent" to modify the word "substantial," we are aware of the familiar rule that in administrative proceedings the formalities in the introduction of testimony common to the courts of justice are not strictly employed. Jenkins v. Curry, 154 Fla. 617, 18 So.2d 521. We are of the view, however, that the evidence relied upon to *1360 sustain the ultimate finding should be sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached. To this extent the "substantial" evidence should also be "competent."
(Some citations omitted.)
In City of Apopka v. Orange County, 299 So.2d 657, 660 (Fla. 4th DCA 1974), the "evidence" in opposition to petitioner's application for special exception consisted, as in the present case, of the opinions of neighbors, and in that case we explained:
The evidence in opposition to the request for exception was in the main laymen's opinions unsubstantiated by any competent facts. Witnesses were not sworn and cross examination was specifically prohibited. Although the Orange County Zoning Act requires the Board of County Commissioners to make a finding that the granting of the special exception shall not adversely affect the public interest, the Board made no finding of facts bearing on the question of the effect the proposed airport would have on the public interest; it simply stated as a conclusion that the exception would adversely affect the public interest. Accordingly we find it impossible to conclude that on an issue as important as the one before the board, there was substantial competent evidence to conclude that the public interest would be adversely affected by granting the appellants the special exception they had applied for.
Earlier in that opinion we also noted:
As pointed out by Professor Anderson in Volume 3 of his work, American Law Of Zoning, § 15.27, pp. 155-56:
"It does not follow, ... that either the legislative or the quasi-judicial functions of zoning should be controlled or unduly influenced by opinions and desires expressed by interested persons at public hearings. Commenting upon the role of the public hearing in the processing of permit applications, the Supreme Court of Rhode Island said:
`Public notice of the hearing of an application for exception ... is not given for the purpose of polling the neighborhood on the question involved, but to give interested persons an opportunity to present facts from which the board may determine whether the particular provision of the ordinance, as applied to the applicant's property, is reasonably necessary for the protection of ... public health... . The board should base their determination upon facts which they find to have been established, instead of upon the wishes of persons who appear for or against the granting of the application.'
The objections of a large number of residents of the affected neighborhood are not a sound basis for the denial of a permit. The quasi-judicial function of a board of adjustment must be exercised on the basis of the facts adduced; numerous objections by adjoining landowners may not properly be given even a cumulative effect."
299 So.2d at 659.
Our review of the record leads us to conclude that there is literally no competent substantial evidence to support the conclusion reached below. The circuit court overlooked the law which says that a special exception is a permitted use to which the applicant is entitled unless the zoning authority determines according to the standards of the zoning ordinance that the use would adversely affect the public interest. Rural New Town, 315 So.2d at 480. It also overlooked the law which says that opinions of residents are not factual evidence and not a sound basis for denial of a zoning change application. See City of Apopka, 299 So.2d at 660.
For these reasons we grant certiorari, quash the order and remand with instructions that the special exception be granted.
HERSEY, C.J., and ANSTEAD, J., concur.
STONE, J., dissents with opinion.
*1361 STONE, Judge, dissenting.
I would deny certiorari. In my judgment, the record supports the decision of the circuit court upholding the action of the county. I also do not conclude that the trial court overlooked the law.