567 So.2d 955 (1990)
The CITY OF FORT LAUDERDALE, a Municipal Corporation of the State of Florida, Petitioner,
v.
MULTIDYNE MEDICAL WASTE MANAGEMENT, INC., Respondent.
No. 90-0836.
District Court of Appeal of Florida, Fourth District.
September 19, 1990.
Rehearings Denied October 29, 1990.
*956 Dennis E. Lyles, City Atty., and Lindsey A. Payne, Asst. City Atty., Fort Lauderdale, for petitioner.
Gary S. Maisel of Patterson, Maloney & Gardiner, Fort Lauderdale, for respondent.
Bruce S. Rogow, Fort Lauderdale, for amicus curiae-Nova University Shepard L. Broad Law Center.
John J. Copelan, Jr., County Atty., Alexander Cocalis, Chief Trial Counsel, and Rebecca L. Kay, Asst. County Atty., Fort Lauderdale, for amicus curiae-Broward County.
DOWNEY, Judge.
By petition for writ of certiorari the City of Fort Lauderdale seeks to quash orders of the Circuit Court of Broward County, sitting in its appellate capacity, which reversed a decision of the Fort Lauderdale City Commission denying Multidyne Medical Waste Management, Inc.'s (Multidyne) application for a permit to operate a medical waste incinerator facility in the city.
Multidyne filed an "Application for Approval of Development Plan" with the City of Fort Lauderdale Planning and Zoning Board, seeking approval to operate a medical incinerator facility on its property in Fort Lauderdale. The proposed operation would truck medical waste (used bandages, syringes, body organs, etc.) in from all parts of Florida, temporarily store them, then incinerate them, and truck the remaining ash to landfills.
The subject property is located in an "M-1" zoning district, which, pursuant to the City Zoning Code, is generally a heavy commercial use district. Specifically, section 47-20.1 of the code provides in pertinent part:
The uses permitted in M-1 district (Industrial) shall be as follows:
... .
(c) Any lawful operation of an industrial or manufacturing nature which is not obnoxious because of dust, dirt, smoke, fumes, odors, noise, vibrations, radioactivity or explosion hazard.
(d) Any use provided for in section 47-20.2 after approval has been obtained as therein provided.
Section 47-20.2 provides in pertinent part:
Whenever application is made for a building permit to erect any building or improvement upon any site in M-1 district wherein the premises in the opinion of the building inspector may be or are contemplated being used for:
... .
(j) Any operation which may be obnoxious because of emission of dust, dirt, smoke, odors, fumes or abnormal explosion hazards.
(k) Industries detrimental to health and welfare of inhabitants of the city.
The building inspector shall refuse to issue a building permit until the use of such site for such purpose has been approved by resolution of the city commission, after written report by fire and health departments, and recommendations of city planning and zoning board have been submitted to city commission.
It appears that Multidyne obtained all of the necessary state and county permits to operate such a facility, but was refused a permit by the Fort Lauderdale building inspector pursuant to section 47-20.2 until the application had been approved by the City Commission. Accordingly, in compliance with said code section, Multidyne filed an application for approval with the Fort Lauderdale Planning and Zoning Board. A public hearing was held before that board, at which a number of witnesses appeared pro and con, resulting in a unanimous denial of the application. Thereafter, another public hearing was held by the City Commission and it, too, unanimously denied petitioner's permit application.
Review in the circuit court by petition for writ of certiorari was successfully sought *957 by Multidyne, wherein that court in a very thorough, analytical order "reversed" the order of the City Commission, essentially holding that there was not substantial competent evidence adduced before the commission to justify denial of the permit application.
This appears to be a very close case. Nevertheless, following the most recent appellate pronouncements which finetune the respective standards of review in such matters, we are compelled to hold that the wrong standard of review was utilized and resulted in the circuit judge doing what the supreme court charged this court with doing in Education Development Center, Inc. v. West Palm Beach Zoning Board of Appeals, 541 So.2d 106 (Fla. 1989); that is, he "simply disagreed with the [City Commission's] evaluation of the evidence." Id. at 108-109.
In its order the circuit court was careful to acknowledge the teachings of City of Deerfield v. Vaillant, 419 So.2d 624 (Fla. 1982), delineating the respective standards of review in the circuit and district courts, and Campbell v. Vetter, 392 So.2d 6 (Fla. 4th DCA 1980), rev. denied, 399 So.2d 1140 (Fla. 1981), enjoining the circuit court from reweighing the evidence. Nevertheless, we believe the judge fell into error in his application of the rules set out in those cases. And we hasten to add, that's not hard to do in these cases.
The parties agree that the real issue here is whether there was substantial competent evidence in the record before the City Commission to support its denial of the application. The city contends there was, while Multidyne suggests there was not, requiring the circuit court to quash or reverse the order.
Without reviewing it in detail, there was conflicting evidence presented to the City Commission. In opposition to the application, the commission heard from a veterinarian who claimed to have some degree of knowledge, more than the average, regarding the dangers attendant upon the proposed gathering, transporting, incinerating, and disposal of infectious medical waste and other materials at the facility. Professor Joel Mintz furnished his opinion to the commission by letter, wherein he laid a foundation demonstrating a substantial degree of expertise garnered from both the realm of academia and practical experience having to do with air pollution and its sources. He warned that the permits approved did not provide adequate protection in that they did not have sufficient requirements for installation of air pollution control equipment, nor were their emission standards adequate for a twenty-four hour operation as Multidyne proposed. He concluded that, in view of the sensitive location of the facility, he was entirely unpersuaded that the conditions included in the permits already held by Multidyne adequately protected the public health.
In support of the circuit court's decision, Multidyne points to, among others, the testimony of two professional engineers, who concluded that the proposed facility was adequate in all respects and should be permitted.
In all candor, if we were to weigh the professional expertise of one side against the other, Multidyne might well come out on top. However, the test is not whether one side produced more experts than the other, but rather whether there was any substantial competent evidence upon which to base the commission's conclusion. Substantial evidence is such evidence as will establish a substantial basis of fact from which one fact at issue can be reasonably inferred, i.e., such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. DeGroot v. Sheffield, 95 So.2d 912 (Fla. 1957). To be competent the evidence relied on to sustain the ultimate finding should be sufficiently relevant and material so that a reasonable mind would accept it as adequate to support the conclusion reached. Id.
The circuit court frankly stated that it viewed the evidence opposing the permit as incompetent to carry the day against the testimony of Multidyne's experts. However, the opposing witnesses whom Multidyne denigrates were no group of "Apopka Witnesses," i.e., local residents who simply wished the facility to be established *958 elsewhere. See City of Apopka v. Orange County, 299 So.2d 657 (Fla. 4th DCA 1974). To say that there was no substantial competent evidence to support the commission's determination is to ignore the record. We must therefore conclude that the circuit judge substituted his judgment as to the weight of the evidence for that of the commission, which is contrary to law.
Accordingly, the orders of the circuit court dated January 10, 1990, and February 22, 1990, are quashed.
ANSTEAD and WARNER, JJ., concur.