718 So.2d 813 (1998)
CITY OF DANIA, Petitioner,
v.
FLORIDA POWER & LIGHT, a Florida corporation, Respondent.
No. 97-1657.
District Court of Appeal of Florida, Fourth District.
January 21, 1998.
Order Denying Rehearing August 12, 1998.
*814 E. Bruce Johnson, Michael T. Burke, and Christine M. Duignan of Johnson, Anselmo, Murdoch, Burke & George, Fort Lauderdale, for petitioner.
Jean G. Howard, Miami, for respondent.
PARIENTE, BARBARA J., Associate Judge.
Petitioner, City of Dania (City), timely seeks certiorari review of an order of the circuit court, sitting in its appellate capacity, which quashed the City's decision to deny Florida Power & Light's (F P & L) petition for a special zoning exception. We grant certiorari because we conclude that the circuit court substituted its evaluation of the evidence for that of the City and further imposed an improper legal burden on the City in reversing the denial of the zoning request.
F P & L applied for a special zoning exception to build an electrical substation on a parcel in the City zoned C-2 commercial, which adjoined residential property. According to the City code, the use of the property for an electrical substation is not a permitted use, but may be allowed by special exception. See Dania City Code § 6.40.
The City Planning & Zoning Board recommended denial of the application. After a de novo review and a public hearing on the application, where both sides presented testimony, the City Commission voted to deny the application.
The Dania City Code provides that "special exception uses ... shall be permitted only upon authorization by the city commission provided that such uses shall be found by the city commission to comply with" seven requirements. § 6.40. The City defends its decision to deny the application based on its assertion that F P & L's proposal for an electrical substation failed to meet two of the seven requirements for a special exception use:
(c) That the use will not cause substantial injury to the value of other property in the neighborhood where it is to be located.
(d) That the use will be compatible with adjoining development and the intended purpose of the district in which it is to be located.
§ 6.40(c),(d).
In its petition for certiorari to our court, the City asserts that because there was sufficient lay and expert testimony to support the City's denial of a special exception, the circuit *815 court impermissibly substituted its judgment as fact finder for that of the City. The City further argues that the circuit court erred by imposing a higher burden of proof for denial of an application than the law requires when it stated that the City's burden was "especially heavy where ... the special exception request is for essential services." We agree with both arguments.
Our review of the circuit court's decision is limited to a determination of whether the circuit court applied the correct law, which is synonymous with a determination of whether the circuit court departed from the essential requirements of law. See Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995).
We first address the City's argument that the circuit court departed from the essential requirements of law by concluding that F P & L met its burden of showing that the use of the property for an electrical substation complied with the criteria set forth in the City code, and conversely that the City did not meet its burden of showing adverse harm to the public interest.
When a circuit court reviews a local administrative action by certiorari, the circuit court functions not as the fact finder, but in its appellate role.[1] Accordingly, its review of findings of fact is extremely limited:
[C]ertiorari in circuit court to review local administrative action under Florida Rule of Appellate Procedure 9.030(c)(3) is not truly discretionary common-law certiorari, because the review is of right. In other words, in such review the circuit court functions as an appellate court, and, among other things, is not entitled to reweigh the evidence or substitute its judgment for that of the agency.

Id. at 530 (citations omitted) (emphasis supplied). Thus, when a circuit court reverses the zoning decision of a city commission because it disagrees with the evaluation of the evidence, the circuit court has applied the wrong standard of review to the decision. See City of Fort Lauderdale v. Multidyne Med. Waste Management, Inc., 567 So.2d 955, 957 (Fla. 4th DCA 1990); Metropolitan Dade County v. Blumenthal, 675 So.2d 598, 608-09 (Fla. 3d DCA 1995).[2]
F P & L argues that this court cannot again review the issue of whether there was substantial competent evidence to support the City's decision. While we are mindful that our task is not to reweigh the evidence, see Haines, 658 So.2d at 530, it is part of this court's responsibility to determine whether the circuit court exceeded its scope of review and substituted its own factual findings for those of the City. See Multidyne, 567 So.2d at 958; Blumenthal, 675 So.2d at 606. If we failed to grant relief where a single circuit court judge sitting in his appellate capacity disregarded substantial competent evidence relied on by a governmental entity in making a zoning decision, this could, in itself, constitute a miscarriage of justice.
In Pompano Beach Police & Firemen's Pension Fund v. Franza, 405 So.2d 446 (Fla. 4th DCA 1981), this court, in quashing the decision of the circuit court, held that:
The question of the weight and credibility of the evidence is for the administrative agency and not the reviewing court, even though the court may have reached a different conclusion on the same testimony. The court should not substitute its judgment for that of the administrative fact finder who heard the testimony and was in a position to evaluate the credibility of witnesses.
Id. at 447 (quoting Metropolitan Dade County v. Mingo, 339 So.2d 302, 304 (Fla. 3d DCA 1976)). The test is not whether the circuit court would have reached the same conclusion based on the evidence, but "whether *816 there was any substantial competent evidence upon which to base the commission's conclusion." Multidyne, 567 So.2d at 957.
F P & L asserts that the testimony of the citizens cannot be relied upon in denying a petition for a zoning exception, citing Pollard v. Palm Beach County, 560 So.2d 1358 (Fla. 4th DCA 1990). This case is distinguishable from Pollard where our court concluded that there was "literally no competent evidence" to support the denial of the special exception because the denial was based only on the unsubstantiated comments of area residents. 560 So.2d at 1360; see also City of Apopka v. Orange County, 299 So.2d 657, 659-60 (Fla. 4th DCA 1974). Here, the City heard from members of the public and from expert witnesses on both sides of the controversy. Therefore, we need not reach the decision whether the testimony of the area residents alone would have been sufficient to support a denial of a special exception.
The role of the governmental entity is to arrive at sound decisions affecting the use of property within its domain. This includes receiving citizen input regarding the effect of the proposed use on the neighborhood, especially where the input is fact-based. See Grefkowicz v. Metropolitan Dade County, 389 So.2d 1041 (Fla. 3d DCA 1980); Blumenthal.
The public hearing included expert testimony from a real estate appraiser and a certified land planner. Both opined that the substation would depress adjoining residential property values. F P & L argues here, as it did to the circuit court, that the method of analysis employed by the City's expert appraiser in arriving at his conclusion was flawed because the substations considered by the expert in his study were not sufficiently similar to the one proposed in terms of landscaping and setback.
F P & L also challenges the certified land planner's opinion that no amount of landscaping or setback could make the electrical substation a compatible use in a residential neighborhood. However, these arguments address the weight and credibility of the expert opinionsissues that were for the City as fact finder to decide, not the circuit court as a reviewing court. See Franza, 405 So.2d at 447; see also Blumenthal, 675 So.2d at 606. "Where the evidence is conflicting, the courts should not interfere with an administrative decision to deny a special exception." City of St. Petersburg v. Cardinal Indus. Dev. Corp., 493 So.2d 535, 538 (Fla. 2d DCA 1986).
The circuit court's order contains many conclusory statements, but fails to include specific findings and reasons for its conclusions, hampering our review of its order. The order does not explain why the expert testimony presented by the City does not constitute substantial competent evidence.
We can discern no valid reason why the City, as fact finder, should have been required to disregard the expert testimony and the testimony of the area residents who stated they would not have bought homes in the neighborhood if an electrical substation had been built.[3] The record as a whole contains substantial competent evidence to support a denial of the special exception to build an electrical substation based on two of the City's seven requirements for a special exception: "substantial injury to the value of other property" and incompatibility with "adjoining development and the intended purpose of the district." Dania City Code § 6.40(c),(d); see also Metropolitan Dade County v. Sportacres Dev. Group, Inc., 698 So.2d 281 (Fla. 3d DCA 1997); City of St. Petersburg; Odham v. Petersen, 398 So.2d *817 875, 877 (Fla. 5th DCA 1981), approved in pertinent part, 428 So.2d 241 (Fla.1983).
We finally address the argument made by the City that the circuit court improperly imposed a higher burden of proof on it than the law allows. The shifting burden of proof applicable to a special exception case is set forth in Irvine v. Duval County Planning Comm'n, 495 So.2d 167 (Fla.1986). According to Irvine, once the party seeking the special exception meets the initial burden of showing compliance with the statutory criteria for granting an exception, the burden shifts to the governmental entity to demonstrate, by competent substantial evidence, that the special exception does not meet the standards in the zoning ordinance and is in fact, adverse to the public interest. Id.; see also Pollard, 560 So.2d at 1359.
We find no case law to support the circuit court's conclusion that, because the special exception is for essential services, the City had an "especially heavy burden." Irvine's shifting burden applies to all requested special exceptions. Further, there is no special provision in the City's code imposing different standards for special exceptions related to a public purpose. The circuit court's imposition of a higher burden on the City than that enunciated in Irvine also constituted a departure from the essential requirements of law and may have contributed to its erroneous conclusions concerning the lack of substantial competent evidence.
Because the circuit court appears to have substituted its evaluation of the evidence for that of the City and also imposed an incorrect burden of proof on the City, the circuit court departed from the essential requirements of law. The petition is granted and the circuit court opinion is quashed. This case is remanded for proceedings consistent with this opinion.
WARNER and POLEN, JJ., concur.

ON MOTION FOR REHEARING
The motion for rehearing is hereby denied.
POLEN, J., and PARIENTE, BARBARA J., Associate Judge, concur.
WARNER, J., concurs specially with opinion.
WARNER, Judge, concurring specially.
While I concur in the denial of rehearing, I do so on the ground that the order should have been quashed because the court imposes an "especially heavy burden" on the city to demonstrate that the special exception does not meet the standards of the zoning ordinance. As to whether or not it is proper for us to grant certiorari when we conclude that the circuit court exceeded its scope of review and substituted its own factual findings for those of the agency, I am less clear. Although I was a member of the panel of City of Fort Lauderdale v. Multidyne Medical Waste Management, Inc., 567 So.2d 955 (Fla. 4th DCA 1990), I question whether we faithfully applied the holding of Education Development Center, Inc. v. City of West Palm Beach Zoning Board of Appeals, 541 So.2d 106 (Fla.1989).
In City of West Palm Beach Zoning Board of Appeals v. Education Development Center, Inc., 526 So.2d 775 (Fla. 4th DCA 1988), the City of West Palm Beach ("City") brought a petition for writ of certiorari to our court after the circuit court reversed a decision of the zoning board of appeals, which had denied a property owner's application to convert its residential property to a preschool. The circuit court found that there was no substantial competent evidence to support the City's denial of the application. Our court reviewed the evidence presented and determined that it contained competent substantial evidence on both sides of the issue. Thus, the circuit court's conclusion to the contrary, that there was not substantial evidence to support the denial, constituted a reweighing of the evidence before the zoning board, which amounted to a substitution of the circuit court's judgment for that of the zoning board. Finding this to be impermissible, we granted the petition and quashed the order.
The respondent subsequently petitioned the supreme court for review. The court quashed our decision and distinguished review *818 by the appellate courts from review by the circuit courts in certiorari proceedings. It stated that:
In City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982), the Court clearly set forth the standards governing certiorari review. When the circuit court reviews the decision of an administrative agency under Florida Rule of Appellate Procedure 9.030(c)(3), there are three discrete components of its certiorari review.
Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine whether procedural due process is accorded, whether the essential requirements of the law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence.

Vaillant, 419 So.2d at 626. In so doing, the circuit court is not permitted to reweigh the evidence nor to substitute its judgment for that of the agency. Bell v. City of Sarasota, 371 So.2d 525 (Fla. 2d DCA 1979).
In turn, the standard of review to guide the district court when it reviews the circuit court's order under Florida Rule of Appellate Procedure 9.030(b)(2)(B) is necessarily narrower. The standard for the district court has only two discrete components.
The district court, upon review of the circuit court's judgment, then determines whether the circuit court afforded procedural due process and applied the correct law.
....
We hold that the principles expressed by the Court in Vaillant clearly define the standards of review applicable here. There was no contention of a denial of due process and the district court of appeal did not find that the trial judge applied an incorrect principle of law. The district court of appeal simply disagreed with the circuit court's evaluation of the evidence. Accordingly, we reaffirm Vaillant and quash the decision of the district court.
Education Dev., 541 So.2d at 108-09 (emphases in original). In dissent, Justice MacDonald cautioned that the majority was
[clothing] trial judges with powers of absolute czars in zoning matters. All that the trial judge would have to do to insulate his actions from review would be to couch his order mandating reversal in terms of "there is no competent evidence to deny the zoning application." Surely we do not want to tie the hands of the district courts of appeal in such situations. Rather, the appellate courts should be able to pass on the issue of whether there was, indeed, competent substantial evidence to support the conclusion of the zoning board.
Id. at 109. What I must conclude from both the majority and dissent in Education Development is that the district courts do not have the review power to reverse a trial court's determination regarding whether competent substantial evidence exists to support the agency action.
In Multidyne, 567 So.2d at 955, however, we again quashed the order of a circuit court which found that there was no substantial evidence to support the denial of a permit application. While we cited Education Development, we again considered the evidence before the agency and determined that there was conflicting evidence on the issue, and therefore quashed the circuit court's contrary conclusion on that basis. I can discern no difference in what we did in Multidyne and what we did in Education Development which was quashed by the supreme court.
Metropolitan Dade County v. Blumenthal, 675 So.2d 598, 608-09 (Fla. 3d DCA 1995), rev. dismissed, 680 So.2d 421 (Fla.1996), states that:
All the district courts that have addressed this scope of review issue are in accord that where the circuit court applies an incorrect legal standard and erroneously determines that a zoning decision is not supported by substantial competent evidence, or where the record is clear that the court has impermissibly reweighed the evidence, then the lower court has departed from the essential requirements of law and certiorari is available to the aggrieved party.
*819 The cases cited by the third district, however, do not all stand for that proposition. For instance, Maturo v. City of Coral Gables, 619 So.2d 455, 457 (Fla. 3d DCA 1993), quashes a circuit court decision for applying the incorrect law in interpreting a zoning ordinance, not in evaluating competent substantial evidence, although it does evaluate the facts of the case in light of its determination of the correct zoning law to apply. See also Herrera v. City of Miami, 600 So.2d 561, 562-63 (Fla. 3d DCA 1992). Furthermore, three cited cases predate Education Development.[1] Thus, Blumenthal`s blanket statement is not in accord with most of the case law cited and is not consistent with Education Development.
Orange County v. Lust, 602 So.2d 568, 572 (Fla. 5th DCA 1992), relied on our opinion in Multidyne, but I think Orange County may conflict with St. Johns County v. Owings, 554 So.2d 535, 537 (Fla. 5th DCA 1989), which states that:
the circuit court's weighing of the evidence is not subject to review by this court, as long as the correct standard of law has been applied. Regardless of whether this court would have decided the issues before the circuit court differently, a full de novo review of the county's decision by this court is not authorized, as Education Development Center and City of Deerfield Beach v. Vaillant make clear.
(emphasis added).
Respondent has also brought to our attention Manatee County v. Kuehnel, 542 So.2d 1356 (Fla. 2d DCA 1989). In that case, the circuit court had reversed the agency, finding that there was no competent evidence before the County Commission to support the decision to deny rezoning. Relying on Education Development, the second district said:
The circuit court in this case, properly acting as an appellate court ..., reviewed the record of the county commission's hearing on the issue and determined that no substantial, competent evidence supported the county commission's decision. We find that the county was afforded due process and the circuit court applied the correct law. This court cannot disagree with the circuit court's evaluation of the evidence and substitute its judgment for that of the circuit court.
Id. at 1358.
I cannot reconcile Multidyne, Blumenthal, and the instant case with Owings and Kuehnel. More importantly, I think Multidyne and Blumenthal are directly contrary to Education Development. It appears to me that confusion continues as to the appellate courts' proper scope of review in certiorari proceedings from the Circuit Court sitting in its appellate capacity. Multidyne and Blumenthal, as well as our majority opinion in this case, have simply collapsed the third component of circuit court review of agency action, namely its authority to review whether the administrative findings and judgment are supported by competent substantial evidence, into the consideration of whether the circuit court applied the correct law. This was disapproved by Education Development in quashing this court's decision, and nothing in Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995), would suggest that district court review should be expanded to review competent substantial evidence determinations.
Because the circuit court applied the incorrect law in determining the burden of proof, it is still appropriate to quash the decision and remand for further proceedings. However, I disagree with the majority decision to the extent that it reviews the circuit court's determination of whether competent substantial evidence supported the agency decision. Based on Education Development, I conclude that this issue is not within the scope of our review.
NOTES
[1] In the Seventeenth Judicial Circuit, unlike in the Fifteenth Judicial Circuit, petitions for writs of certiorari in zoning or administrative cases, as well as appeals from the county court to the circuit court, are handled by a single circuit court judge rather than an appellate panel of three. See State v. Frazee, 617 So.2d 350, 352 n. 1 (Fla. 4th DCA 1993) (Farmer, J., dissenting); cf. State v. Shaw, 643 So.2d 1163 n. 1 (Fla. 4th DCA 1994). The City does not challenge this procedure.
[2] Judge Cope's dissent adopted as the opinion of the court upon rehearing en banc.
[3] The City points to statements made by the individual Commissioners when voting to deny the request. It would be inappropriate for us to rely on the Commissioners' individual comments rather than on the decision of the City as a whole. See Metropolitan Dade County v. Blumenthal, 675 So.2d 598, 604 (Fla. 3d DCA 1995). There were no official findings of fact made by the City, but F P & L did not attack the City's decision on that basis, either in the circuit court or in this court. The denial is amply supported by the record. See Odham v. Petersen, 398 So.2d 875, 877 (Fla. 5th DCA 1981), approved in pertinent part, 428 So.2d 241 (Fla.1983); City of St. Petersburg v. Cardinal Indus. Dev. Corp., 493 So.2d 535, 538 (Fla. 2d DCA 1986). However, the failure of a governmental entity to make official findings of fact makes the review process more difficult.
[1] See City of Deland v. Benline Process Color Co., 493 So.2d 26, 28 (Fla. 5th DCA 1986); Board of County Comm'rs of Pinellas County v. City of Clearwater, 440 So.2d 497, 499 (Fla. 2d DCA 1983); Town of Mangonia Park v. Palm Beach Oil, Inc., 436 So.2d 1138, 1139 (Fla. 4th DCA 1983).