736 So.2d 1264 (1999)
MARTIN COUNTY, a political subdivision of the State of Florida, Petitioner,
v.
The CITY OF STUART, a Florida Municipal Corp., Respondent.
No. 98-4407.
District Court of Appeal of Florida, Fourth District.
July 14, 1999.
*1265 Gary K. Oldehoff, Martin County Attorney and Fred W. Van Vonno, Assistant County Attorney, Stuart, for petitioner.
Carl V.M. Coffin, Stuart, for respondent.

EN BANC
KLEIN, J.
After the City of Stuart adopted annexation ordinances to voluntarily annex twenty-nine parcels, Martin County filed petitions for writs of certiorari to seek review in the circuit court pursuant to section 171.081, Florida Statute (1997). The petitions, which were consolidated, challenged the annexations as failing to result in a compact urban form as required by section 171.044, Florida Statutes (1997). The circuit court granted certiorari as to two of the parcels because they violated section 171.031(12), Florida Statutes, which precludes annexations which "would create enclaves, pockets, or finger areas in serpentine patterns," but denied certiorari as to the remaining parcels. The county seeks certiorari review of the decision of the three judge panel of the circuit court rendered in its appellate capacity.
When we review such an order by certiorari, we are limited to determining whether there was a lack of procedural due process or a departure from the essential requirements of law. Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995). The county does not argue that it was denied due process and accordingly the issue is whether there was a departure from the essential requirements of law.
In Heggs, our supreme court attempted to resolve confusion about what type of error of a circuit court, sitting in its appellate capacity, would constitute a departure from the essential requirements of law. The Heggs court quoted with approval from Combs v. State, 436 So.2d 93, 96 (Fla.1983), which held that the district courts of appeal should exercise their certiorari discretion only in these cases where there has been "a violation of a clearly established principle of law resulting in a miscarriage of justice." Previously, in Education Development Center v. City of West Palm Beach, 541 So.2d 106, 108-09 (Fla.1989), the court held that the function *1266 of a district court of appeal under these circumstances was to determine whether "the circuit court afforded procedural due process and applied the correct law." The Heggs court, in resolving the question of whether Combs and Education Development were different standards, concluded that "they are the same." Heggs, 658 So.2d at 531.
The county first argues that the circuit court erroneously applied section 171.031(12), which precludes "enclaves, pockets or finger areas," to the individual parcels being annexed, rather than to the shape of the city after annexation. Significantly, the county acknowledges that section 171.031(12) is the correct law, but contends that it was applied incorrectly. Under Heggs our standard of review is whether the circuit court in its appellate capacity "applied the correct law." Heggs, 658 So.2d at 530. Because the circuit court did apply the correct law, we should not, under Heggs, grant certiorari review as to that issue.
The county also argues that if we look at the shape of the city after annexation, there are "finger areas" in violation of section 171.031(12). This argument is, in essence, an argument that there was no competent substantial evidence to support the finding by the Stuart city commission that the annexations met the requirement of compactness in the annexation statutes. We should not, under Heggs, review the circuit court's decision based on that argument either. As Justice Anstead explained in Heggs:
As a case travels up the judicial ladder, review should consistently become narrower, not broader. We have held that circuit court review of an administrative agency decision, under Florida Rule of Appellate Procedure 9.030(c)(3), is governed by a three-part standard of review: (1) whether procedural due process is accorded; (2) whether the essential requirements of law have been observed; and (3) whether the administrative findings and judgment are supported by competent substantial evidence. Vaillant, 419 So.2d at 626. The standard of review for certiorari in the district court effectively eliminates the substantial competent evidence component. The inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law. [emphasis supplied.]
Heggs, 658 So.2d at 530.
In arguing that we should grant certiorari review, the county relies on the following language near the end of Heggs:
This standard, while narrow, also contains a degree of flexibility and discretion. For example, a reviewing court is drawing new lines and setting judicial policy as it individually determines those errors sufficiently egregious or fundamental to merit the extra review and safeguard provided by certiorari. This may not always be easy since the errors in question must be viewed in the context of the individual case. It may also be true that review of administrative decisions may be more difficult, since care must be exercised to determine the nature of the administrative proceeding under review, and to distinguish between quasi-judicial proceedings and those legislative in nature. There is no complete catalog that the court can turn to in resolving a particular case. [footnote omitted]
Id. at 530-31.
The county argues that because the city's decision to annex is a legislative[1] decision, we have more flexibility to grant review under Heggs than if this had been a case originating in county court. We disagree, because, as we noted earlier, the Heggs court held that the standard of review *1267 was the same. Id. at 531. Rather the court was recognizing that there should be no bright line test as to what constitutes a departure from the essential requirements of law.[2]
We now address why it is necessary for us to consider this case en banc. In City of Dania v. Florida Power & Light, 718 So.2d 813 (Fla. 4th DCA), rev. granted, 727 So.2d 905 (1998), we granted certiorari and quashed an opinion of the circuit court sitting in its appellate capacity on two grounds: (1) that the circuit court erred in disregarding substantial competent evidence when it quashed the city's decision to deny a zoning exception, and (2) that the circuit court applied the incorrect law, i.e., the wrong burden of proof. Judge Warner, in a concurring opinion, disagreed with the first ground, concluding that an appellate court reviewing the circuit court sitting in its appellate capacity cannot, under Heggs, review competent substantial evidence determinations. City of Dania, 718 So.2d at 817.
The majority in Dania believed that it was justified in reviewing the competent substantial evidence issue based on two cases, a decision of this court which predated Heggs, City of Fort Lauderdale v. Multidyne Medical Waste Management, Inc., 567 So.2d 955 (Fla. 4th DCA 1990), and a decision of the third district, Metropolitan Dade County v. Blumenthal, 675 So.2d 598 (Fla. 3d DCA 1995). Judge Warner, in her concurring opinion, disagreed:
It appears to me that confusion continues as to the appellate courts' proper scope of review in certiorari proceedings from the Circuit Court sitting in its appellate capacity. Multidyne and Blumenthal, as well as our majority opinion in this case, have simply collapsed the third component of circuit court review of agency action, namely its authority to review whether the administrative findings and judgment are supported by competent substantial evidence, into the consideration of whether the circuit court applied the correct law. This was disapproved by Education Development in quashing this court's decision, and nothing in Haines City Community Development v. Heggs, 658 So.2d 523 (Fla. 1995), would suggest that district court review should be expanded to review competent substantial evidence determinations.
Because the circuit court applied the incorrect law in determining the burden of proof, it is still appropriate to quash the decision and remand for further proceedings. However, I disagree with the majority decision to the extent that it reviews the circuit court's determination of whether competent substantial evidence supported the agency decision. Based on Education Development, I conclude that this issue is not within the scope of our review.
City of Dania, 718 So.2d at 819.
Judge Warner's analysis is consistent with Heggs, which, as we noted earlier, eliminated "the substantial competent evidence component" where the district court of appeal is reviewing a decision of the circuit court sitting in its appellate capacity. Heggs, 658 So.2d at 530. We therefore recede from Dania to the extent that it conflicts with Heggs. Because the county's *1268 petition does not assert any errors which warrant review under Heggs, we deny the petition for certiorari.
WARNER, C.J., DELL, GUNTHER, STONE, POLEN, FARMER, STEVENSON, SHAHOOD, GROSS, TAYLOR and HAZOURI, JJ., concur.
NOTES
[1] Annexation proceedings are legislative. City of Lake Mary v. County of Seminole, 419 So.2d 737 (Fla. 5th DCA 1982), but challenges to annexation ordinances are by "seeking review by certiorari." § 171.01, Fla. Stat.
[2] In Stilson v. Allstate Insurance Co., 692 So.2d 979 (Fla. 2d DCA 1997), the second district concluded that an error made by the circuit court in its appellate capacity as to whether a claim for PIP benefits arose out of the use of a motor vehicle was not a serious enough error under Heggs to warrant certiorari review. The fifth district came to the opposite conclusion in a case involving the same issue. Atlanta Cas. Co. v. Blish, 707 So.2d 1178 (Fla. 5th DCA 1998), quashed on other grounds, Blish v. Atlanta Cas. Co., 24 Fla. L. Weekly S204, 736 So.2d 1151 (Fla. 1999). In each case the circuit court had looked to the correct body of case law, but erred in applying that law to the facts. The Blish court held that the circuit court in its appellate capacity had "applied the incorrect law." We agree with the Stilson court that the error was merely a misapplication of the correct law.